No. 84-42

IN THE SUPREME COURT OF THE STATE OF MONTANA

1984

SARAH GARZA,

        Petitioner and Respondent,

  -vs-

DENISE E. PEPPARD,

        Defendant and Appellant.

APPEAL FROM: District Court of the Seventh Judicial District,
In and for the County of Richland,
The Honorable R. C. McDonough, Judge presiding.

COUNSEL OF RECORD:

    For Appellant:

        McIntee & Whisenand, Williston, North Dakota

    For Respondent:

        Phillip N. Carter, Sidney, Montana

Submitted on Briefs: August 30, 1984

Decided: October 16, 1984

Filed: OCT 16 1984

*Ethel M. Harrison*

—————————————————————
Clerk

Mr. Justice Frank B. Morrison, Jr. delivered the Opinion of the Court.

Defendant and appellant, Denise S. Peppard appeals the October 26, 1983, order of the Seventh Judicial District Court of Montana, Richland County, granting plaintiff Sarah Garza's motion for judgment notwithstanding the verdict on the issue of negligence and granting Garza a new trial on the issues of proximate cause and damages. We affirm the order of the District Court.

Sarah Garza was a passenger in a car driven by her husband, Ascension Garza, when it was rearended by a truck driven by Denise Peppard on January 24, 1981. Both vehicles were proceeding north in a no passing zone on Fairview Highway. As the Garza vehicle was turning right off the main highway and onto the Garza's private road, the right front portion of the Peppard vehicle struck the left rear portion of the Garza vehicle. The Peppard vehicle was travelling less than ten miles per hour at the time of the collision.

Sarah Garza filed suit against Peppard May 18, 1982, for damages from injuries she allegedly received as a result of that accident. A jury trial was held September 26 through September 28, 1983. Testimony relevant to this appeal was taken from the investigating highway patrol officer, James Matthew Kinsey, the driver of both vehicles and plaintiff. At the close of the evidence, plaintiff's attorney moved for a directed verdict. The motion was denied, and the case given to the jury, which found no negligence on the part of defendant. Subsequently, Garza filed her motion for judgment notwithstanding the verdict. That motion was granted October 26, 1983.

Appellant filed a notice of appeal on November 29, 1983. The Clerk of the Supreme Court received the case record on January 20, 1984, twelve days after the forty-day deadline for transferral of record. See Rule 10(c), M.R.App.Civ.P.

2

Pertinent portions of the transcript were omitted from the record. Specifically, there was no transcription of Garza's attorney's motion for a directed verdict nor of his motion in limine to prohibit any reference to the theory of unavoidable accident. For these reasons, Garza filed a motion to dismiss the appeal on April 18, 1984. We summarily denied the motion April 19, 1984, and Garza provided this Court with the missing portions of transcript.

We reaffirm our order denying respondent's motion for dismissal. An appeal need not be automatically dismissed in every instance where the Rules of Appellate Civil Procedure have not been strictly followed. Only failure to timely file the notice of appeal affects the validity of the appeal. Other procedural violations are grounds only for such action as we deem appropriate. Yetter v. Kennedy (1977), 175 Mont. 1, 7, 571 P.2d 1152, 1156.

The violations caused no substantive harm. There is no evidence of any intention on the part of Peppard to mislead this Court by failing to submit all relevant portions of transcript. Dismissal of this appeal is not appropriate.

The sole remaining issue is whether the trial court erred in granting Garza's motion for judgment notwithstanding the verdict. We find no error as Denise Peppard is guilty of negligence as a matter of law for failing to keep a proper lookout.

> "Under Montana law, a motorist has a duty to look not only straight ahead but laterally ahead as well and to see that which is in plain sight. Furthermore, a motorist is presumed to see that which he could see by looking, and he will not be permitted to escape the penalty of his negligence by saying that he did not see that which was in plain view. Nissen v. Johnson (1959), 135 Mont. 329, 333, 339 P.2d 651, 653; Sorrells v. Ryan (1955), 129 Mont. 29, 281 P.2d 1028; Koppang v. Sevier (1938), 106 Mont. 79, 75 P.2d 790.
>
> "Clearly, a person is negligent in either not looking or looking but not seeing if he claims not to have seen an object which is so clearly visible

that all reasonable minds would agree the person must see the object if he were to look with reasonable diligence." Payne v. Sorenson (1979), 183 Mont. 323, 326-327, 599 P.2d 362, 364.

The evidence is undisputed that the view of the turn-off from Fairview Highway onto Garza's private road is unobstructed from the south for 900 feet, the direction from which both vehicles were coming. Officer Kinsey testified that skid marks indicating the application of brakes by Peppard did not start until 168 feet south of the Garza drive. Peppard herself testified that she did not notice the Garza vehicle slowing until she was practically upon it. The road was dry and the weather clear and sunny. No contributory negligence on the part of Ascension Garza or a third individual was alleged or proved. The only reasonable conclusion is that Peppard failed to keep a proper lookout. Kudrna v. Comet Corporation (1977), 175 Mont. 29, 572 P.2d 183.

This cause is remanded to the District Court for trial on the issues of proximate cause and damages.

Justice

We concur:

Chief Justice

Justices

4