No. 85-215

IN THE SUPREME COURT OF THE STATE OF MONTANA

1986

———————————————

SARAH GARZA,

        Plaintiff and Respondent,

  -vs-

DENISE S. PEPPARD,

        Defendant and Appellant.

———————————————

APPEAL FROM: District Court of the Seventh Judicial District,
In and for the County of Richland,
The Honorable R. C. McDonough, Judge presiding.
*H. R. OBERT*

COUNSEL OF RECORD:

    For Appellant:

        McIntee & Whisenand; Bruce O. Bekkedahl, Williston,
North Dakota

    For Respondent:

        Phillip N. Carter, Sidney, Montana

———————————————

Submitted on Briefs: March 28, 1986

Decided: July 15, 1986

Filed: *JUL 15 1986*

*Ethel M. Harrison*
———————————————
Clerk

Mr. Justice L. C. Gulbrandson delivered the Opinion of the Court.

Denise S. Peppard, the defendant, appeals from a jury verdict and subsequent judgment for Sarah Garza, the plaintiff, entered in the Richland County District Court. She raises issues of whether the District Court improperly excluded medical evidence, whether she had a fair trial after the plaintiff's attorney questioned a prospective juror on his employment with an automobile insurance company, and whether the District Court erred in failing to rule on her motion for a new trial. We affirm.

The defendant rear-ended a pick-up truck in which the plaintiff was a passenger in January 1981. In May 1982 the plaintiff filed an action against defendant for damages suffered as a result of the collision. Following trial, the jury returned a verdict in favor of defendant. The District Court, however, entered judgment notwithstanding the verdict for the plaintiff which was affirmed by this Court on appeal. Garza v. Peppard (Mont. 1984), 689 P.2d 279, 41 St.Rep. 1922. In that decision, this Court found no error in the District Court's action because the defendant was negligent as a matter of law for failing to keep a proper lookout. Garza, 689 P.2d at 280, 41 St.Rep. at 1924. The case was remanded to the District Court for trial on the issues of proximate cause and damages.

The second trial was held in February 1985. During voir dire, counsel for the plaintiff questioned a prospective juror, Henry J. Schepens, as follows:

> MR. CARTER: And are you still employed?
>
> MR SCHEPENS: No. I am retired.

2

MR. CARTER: You are retired, and you used to be an insurance agent; were you not?

MR. SCHEPENS: Right.

MR. CARTER: You sold car insurance; didn't you?

MR. SCHEPENS: Yes.

MR. CARTER: Would that fact render your decision in this matter biased in any way?

MR. SCHEPENS: It's possible.

MR. CARTER: Could you explain that?

MR. SCHEPENS: Well, I handled a lot of claims, you know, directly and indirectly, including whiplash, and so forth.

MR. CARTER: Do you have a preconceived idea about the term "whiplash"?

MR. SCHEPENS: I think I could tell you, yes, I have.

At this point, on Mr. Carter's request, counsel approached the bench and went into chambers. Defense counsel then objected and moved for a mistrial based on the improper mention of insurance. The District Court denied the motion and instructed the jury that this was a proper area of inquiry to determine possible bias or prejudice and to disregard any reference to insurance in all other respects.

During the presentation of defendant's case, Dr. Ronald Wright, a chiropractor who treated the plaintiff, testified about her medical condition. Dr. Wright treated the plaintiff after purchasing a chiropractic practice from Dr. Richard Pokorny who had treated her previously. The plaintiff objected, on the basis of hearsay, to any evidence, testimony, or opinion by Dr. Wright utilizing Dr. Pokorny's records because Dr. Wright did not recall using Dr. Pokorny's records. She voiced her objection prior to Dr. Wright's

3

testimony. In chambers, the District Court ruled that Dr. Wright's testimony would be limited to his own knowledge and that he could rely on Dr. Pokorny's records only to the extent he used them in examining and treating the plaintiff.

The jury returned a verdict in favor of the plaintiff for $132,095.03. The defendant then filed a motion for a new trial. Although the parties briefed and argued this motion, the District Court did not have time to rule within the 45 day time limit set out in Rule 59(d), M.R.Civ.P.

On appeal, the defendant raises three issues:

(1) Whether defendant received a fair trial after the plaintiff's attorney questioned a prospective juror on the juror's previous employment as an automobile insurance adjuster.

(2) Whether the District Court erroneously excluded medical evidence and testimony from Dr. Wright which relied on a prior treating chiropractor's records.

(3) Whether the District Court erred in failing to rule on defendant's motion for a new trial.

In the first issue, the defendant argues that she was prejudiced when the plaintiff's attorney asked a prospective juror about his employment with an automobile insurance company. She claims that the specific questions asked were unnecessary and that general introductory questions concerning possible bias or prejudice which did not mention insurance would have been adequate. In Borkoski v. Yost (1979), 182 Mont. 28, 594 P.2d 688, this Court discussed to what extent counsel could ask prospective jurors about their business relationship with insurance companies and reviewed Montana case law on the subject. Prior to 1973, the general rule was that questioning a prospective juror on investments

4

in or business relations with insurance companies was prohibited. Borkoski, 182 Mont. at 34, 594 P.2d at 691. In 1973, in Haynes v. County of Missoula (1973), 163 Mont. 270, 287-88, 517 P.2d 370, 380, this Court adopted a general rule that "if counsel acts in good faith, he may question prospective jurors on voir dire respecting their interest in, or connection with liability insurance companies." The rationale for this rule is to allow counsel to look for bias or prejudice on the part of a prospective juror enabling intelligent exercise of challenges and thus securing a fair and impartial jury. Haynes, 163 Mont. at 287-88, 517 P.2d at 380. Here, counsel for plaintiff inquired about the prospective juror's former occupation without any suggestion that defendant had liability insurance. See Rule 411, M.R.Evid. He did not repeatedly inquire about insurance of each juror, a practice condemned in Avery v. City of Anaconda (1967), 149 Mont. 495, 428 P.2d 465. He used two brief questions to one prospective juror about his past work of selling insurance and then asked whether this would bias his decision. Such a limited inquiry serves the exact purpose of the general rule adopted in Haynes, supra. We hold that this brief questioning did not prejudice the defendant and did not prevent a fair trail.

We question the timeliness of the defendant's objection, as well. Counsel made no objection at the time the questions were asked. Without proper objection, this Court will not find prejudicial error. Beeler v. Butte London Copper Development Co. (1910), 41 Mont. 465, 110 P. 528.

The defendant claims that the District Court erroneously excluded certain medical evidence and testimony

as the second issue. When Dr. Wright testified, he stated the following: (1) he purchased Dr. Pokorny's practice and patient files which included plaintiff's file; (2) he treated plaintiff on June 5, 1981; (3) at that time she complained of headaches and neck and shoulder pain; (4) his records did not show that she ever complained of any lower back problem; (5) his treatment was only in the neck area; (6) if she had complained of a lower back injury he would have run tests to diagnose the problem prior to any treatment; and (7) based on the information he had available, she did not suffer lower back problems at the time he treated her. On cross-examination, Dr. Wright admitted he did not recall plaintiff specifically, his only session with her lasted 10-15 minutes, he took no X-rays, she may have told him about other problems but he did not remember anything else, and that her upper back and neck injuries resulted from the collision.

The defendant first argues that documents containing specific written information concerning treatment and statements of Dr. Pokorny with respect to diagnosis of the plaintiff could have been admitted. The questioned documents were brought to this Court's attention as part of an appendix to defendant's brief. They were never offered as exhibits at trial and thus are not in the record as refused exhibits. A review of the transcript shows no offer of proof to the District Court on what information the proposed exhibits contained. The Colorado Supreme Court discussed a similar problem in People In Interest of M.S.H. (Colo. 1983), 656 P.2d 1294, where the appellant had not designated a tape as an exhibit, had not made an offer of proof, and stated he had not heard the tape so he did not know its contents. The tape

6

was not part of the record on appeal. The Colorado court presumed the trial court's exclusion of the tape was correct because "[b]ased on this record we are unable to evaluate the admissibility of the tape, and so cannot consider [appellant's] assertion that the trial court erred in excluding it from evidence." M.S.H., 656 P.2d at 1297. Similarly, this Court is unable to evaluate or rule on the admissibility of documents which were never offered into evidence or described in the record.

In Farmers State Bank of Conrad v. Iverson (1973), 162 Mont. 130, 509 P.2d 839, we condemned counsel for attaching extraneous material in appendices in an attempt to introduce evidence through the "back door." This Court will not consider such material on appeal and remind counsel again that such a practice will not be tolerated.

Defendant's second argument in this issue is that the District Court improperly limited that part of Dr. Wright's testimony which was based on Dr. Pokorny's records. The plaintiff objected to this testimony claiming that because Dr. Wright did not specifically recall using Dr. Pokorny's records in treating the plaintiff, the records were excludable as hearsay and not within any hearsay exception. Rule 803(4), M.R.Evid. provides that: "Statements made for purposes of medical diagnosis or treatment and describing medical history, or past or present symptoms, pain, or sensations, or the inception or general character of the cause or external source thereof insofar as reasonably pertinent to diagnosis or treatment" are not excluded by the hearsay rule. Rule 703, M.R.Evid. allows an expert to testify based on facts or data not admissible in evidence if the data is reasonably relied on by experts when forming

7

opinions or inferences on the subject. In Klaus v. Hilberry (1971), 157 Mont. 277, 485 P.2d 54, this Court allowed a doctor to testify from his case file which included reports and documents from another doctor. We noted that the situation presented was an exception to the hearsay rule. Here, Dr. Wright was continuing Dr. Pokorny's treatment of the plaintiff and utilized Dr. Pokorny's records in his case file. He stated that he would never treat Dr. Pokorny's patients without reviewing Dr. Pokorny's records. The foundation laid could place the excluded testimony within the hearsay exception, Rule 703, M.R.Evid., and the holding in Klaus, 157 Mont. at 286, 485 P.2d at 59. The District Court erred in excluding this testimony.

Further, any error would have been harmless because the defendant was not prejudiced by the failure to allow this testimony. Where evidence has been improperly excluded, but goes to prove only facts established by other evidence, the ruling is harmless error. Wollaston v. Burlington Northern, Inc. (1980), 188 Mont. 192, 612 P.2d 1277. The excluded testimony, according to statements made by counsel in chambers, would have shown that Dr. Pokorny did not record any complaints from the plaintiff about lower back problems and did not treat the plaintiff's lower back. Presumably, the defendant would use this to argue that plaintiff did not complain about this problem, she would have complained if the problem existed in order to receive medical treatment, and therefore she did not suffer from lower back problems until after her visit to these chiropractors. At best, this is negative evidence with weak evidentiary value given possible explanations for the absence of a notation in Dr. Pokorny's records. In addition, Dr. Wright testified to this same

8

information from his own records.  Dr. Ise, an orthopedic surgeon, also testified that the medical records did not reflect a report of lower back problems until about 8-10 months after the accident.  This included the time during which Dr. Pokorny and Dr. Wright treated the plaintiff.  The excluded evidence would not have provided any different information than the jury received through the other testimony and evidence.  We hold that the exclusion of this testimony from Dr. Wright based on Dr. Pokorny's records was harmless error.

The last issue the defendant raises concerns the District Court's failure to rule on her motion for a new trial.  When the District Court failed to rule on the motion which raised the same issues as in this appeal, it was deemed denied under Rule 52(c), M.R.Civ.P.  Since the District Court's judgment is correct, there was no error in failing to grant a new trial.

The verdict and judgment of the District Court are affirmed.

_____
Justice

We concur:

_____
Chief Justice

_____

_____

_____
Justices