No. 88-203

IN THE SUPREME COURT OF THE STATE OF MONTANA

1988

---

SERVICE FUNDING, INC.,
a Montana corporation,

  Plaintiff and Appellant,

  -vs-

ROGER L. CRAFT, NORMA J. CRAFT, JOE W. BERRY,
and FIRST SECURITY BANK OF BOZEMAN, a corp.,

  Defendants and Respondents.

---

APPEAL FROM: District Court of the Eighteenth Judicial District,
In and for the County of Gallatin,
The Honorable Thomas A. Olson, Judge presiding.

COUNSEL OF RECORD:

  For Appellant:

  Dunaway, O'Connor & Moe; Stewart R. Kirkpatrick,
  Billings, Montana

  For Respondent:

  Morrow, Sedivy & Bennett; Edmund P. Sedivy, Jr.
  Bozeman, Montana

Submitted on Briefs: Sept. 15, 1988

Decided: November 1, 1988

FILED

Filed: '88 NOV 1 AM 10 45

CLERK
MONTANA SUPREME COURT

_Edel M. Harrison_
Clerk

Mr. Justice Fred J. Weber delivered the Opinion of the Court.

Service Funding, Inc., (Service Funding) brought an action to recover $28,802.38 on a note secured by a second mortgage from the Crafts on property in which First Security Bank (First Security) also had a security interest. The District Court for the Eighteenth Judicial District, Gallatin County, sitting without a jury, denied Service Funding's request for relief. We affirm.

The issues are:

1. Did First Security Bank have a fiduciary duty to Service Funding, and if so, was that duty breached?

2. Did the District Court err in failing to subordinate advances made to the Crafts by First Security Bank to Service Funding's mortgage?

3. Did the District Court err in failing to grant recovery to Service Funding by ordering foreclosure of the Crafts' second mortgage?

In 1982, the defendant Joe Berry sold a life insurance policy to Roger Craft. To pay the premium, Mr. Craft obtained a loan from Service Funding, which was guaranteed by Mr. Berry. Mr. Craft did not repay the loan when due, but instead offered Service Funding a security interest in certain real property to secure payment. Service Funding agreed, and took a second mortgage in several proposed condominium units which were being developed by Mr. Craft for resale in the Baxter Hotel in Bozeman, Montana. The District Court found that Mr. Craft told Service Funding of First Security's prior mortgage on all of the units. Mr. Craft also disclosed the fact that many of the units were not finished, and that additional funds would be needed from First Security to complete the units for sale.

First Security consented to the arrangement, and all parties understood that First Security was authorized to apply proceeds from the sale of the units first against its loan and then against Service Funding's second mortgage. At that time, First Security's unpaid balance was $92,963.96 plus interest.

The District Court found that Service Funding had not adequately searched the county records, and therefore did not learn that the bank was authorized to make additional advances to the Crafts up to $50,000.00 over the face amount of the note, or a total of $142,963.96. Subsequently, First Security made additional advances to the Crafts for the completion of the units in the following amounts:

        April 6, 1983 . . . . . . . . . $29,924.16
        July 19, 1984 . . . ... . . . . . 1,976.15
        November 29, 1984 . . . . . . . . 25,000.00

The District Court found that First Security did not exceed its authority to make advances since Mr. Craft had made payments against the principal. The proceeds from all sales of units which occurred during this time were applied to the obligation to First Security. No money was applied to Service Funding's mortgage, nor was Service Funding notified of the advances made by First Security to Mr. Craft.

Service Funding filed suit against the defendants, claiming that it should not be subordinated to First Security's advances, that First Security had mishandled the account, and that First Security had breached its duty as trustee. The District Court concluded that Service Funding's mortgage was subordinate to First Security's advances under its Deed of Trust and that First Security had breached no fiduciary duty to Service Funding. The court also denied Service Funding judgment against the Crafts and did not order

3

foreclosure of its second mortgage, although it held the underlying indebtedness and security agreement against the Crafts to be in full force and effect, subject to First Security's prior lien. Service Funding appeals the judgment.

I

Did First Security Bank have a fiduciary duty to Service Funding, and if so, was that duty breached?

Service Funding argues that an agency relationship existed between it and First Security, and that as an agent, the bank had a fiduciary duty to act in good faith and for the benefit of its principal. Service Funding asserts the doctrine of principal-agent before this Court as if it were a decisive issue at the trial court level. We will not consider the agency issue since it was not raised before the District Court, nor were any findings made regarding an agency relationship. This Court has said many times that alleged error as to issues not raised in the trial court will not be considered on appeal. Chadwick v. Giberson (Mont. 1980), 618 P.2d 1213, 1215, 37 St.Rep. 1723, 1726.

Service Funding did contend in the pretrial order that First Security "became a trustee for the benefit of the plaintiff and has breached its obligations as said trustee by misapplication of the proceeds of sales of the condominiums." The District Court responded to this issue in its Conclusion of Law #2 which states in part that the bank breached no fiduciary duty. On appeal, Service Funding is attempting to have us review the District Court's conclusion, but would have us apply the law of agency in addition to that which was presented to the District Court. This Court is unwilling to determine the existence of an agency relationship for the first time on appeal.

In reviewing whether the District Court erred in concluding that First Security breached no fiduciary duty to

4

Service Funding, we will not overturn that finding unless it is shown to be clearly erroneous. Rule 52(a), M.R.Civ.P. Service Funding contends that the bank's fiduciary obligation to properly apply sale proceeds of each condominium arose when the supplemental agreement granting the second mortgage was agreed upon. Service Funding argues that the bank was obligated to notify it of condominium sales and the future advances made. Since the bank did not do so, and applied sale proceeds to advances made rather than to the second mortgage, Service Funding contends that the fiduciary duty was breached.

The District Court found no evidence to establish a fiduciary relationship, whether based on the bank's knowledge of Service Funding's second mortgage, or otherwise. Rather, the District Court's findings indicate that it was Service Funding's obligation to discover the existence and extent of the future advance clause. The record discloses that Service Funding should have investigated more thoroughly the details of First Security's agreement with the Crafts prior to entering this arrangement. Had Service Funding done so, it would have been aware of the bank's authority to extend more money to the Crafts and apply proceeds to its deed of trust before paying off the second mortgage. The role of First Security was to help Mr. Craft finance the remodeling of the condominium units to completion. Unless the bank extended money to Mr. Craft, the units would have remained unfinished, would not have sold, and neither First Security nor Service Funding would have begun to realize any of the money owed them by the Crafts. We hold that the record supports the District Court's finding that First Security breached no fiduciary duty to Service Funding.

Did the District Court err in failing to subordinate advances made to the Crafts by First Security to Service Funding's mortgage?

Service Funding contends that First Security failed to give actual or constructive notice of the extent of its future advance clause, in violation of § 71-1-206, MCA, which states that:

> (1) The amount of future advances or total indebtedness that may be outstanding at any given time and subject to mortgage protection must be stated in the mortgage . . .

Because of First Security's alleged failure to comply with the above statute, Service Funding argues that future advances made under the bank's first mortgage must be subordinated to Service Funding's second mortgage, and that the District Court erred in concluding otherwise. Again we will not overturn that conclusion unless an abuse of discretion is shown.

The future advance clause appears in paragraph 21, page 4, of First Security's Deed of Trust, which states that the principal amount shall not exceed the original amount of the note plus $50,000.00. The Deed of Trust was referred to in both the mortgage from the Crafts to Service Funding and the supplemental agreement to Service Funding's mortgage and promissory note. We conclude that this evidence is sufficient to affirm the District Court's conclusion that Service Funding had knowledge of the existence of First Security's Deed of Trust prior to receiving its second mortgage. It then became the duty of Service Funding to request a copy of the Deed of Trust to determine the actual terms of the instrument, including any future advance clause. Angus v. Mariner (1929), 85 Mont. 365, 369, 278 P. 996, 998.

6

Service Funding next argues that because only page 1 of the Deed of Trust was recorded, it was not on notice of the future advance clause which appeared at page four. This argument must also fail. Section 70-21-302, MCA, states that, "Every conveyance of real property . . . recorded as prescribed by law . . . is constructive notice of the contents thereof to . . . mortgagees." Section 70-21-305, MCA, states that, "An abstract of a conveyance . . . recorded as prescribed by law . . . shall have the same effect . . . as if the conveyance or encumbrance of real property had been acknowledged or proved and certified and recorded as prescribed by law." The first page of the Deed of Trust reads in relevant part:

> To secure to Lender (a) the repayment of the indebtedness evidenced by Borrower's note of even date herewith (herein "Note"), in the principal sum of $92,963.96 Dollars, with interest thereon, providing for monthly installments of principal and interest, with the balance of indebtedness, if not sooner paid, due and payable on January 31, 1984; the payment of all other sums, with interest thereon, advanced in accordance herewith to protect the security of this Deed of Trust; and the performance of the covenants and agreements of Borrower herein contained; and (b) the repayment of any future advances, with interest thereon, made to Borrower by Lender pursuant to paragraph 21 hereof (herein "Future Advances"). (Emphasis added.)

We conclude that the recording of page 1 of the Deed of Trust as an abstract of conveyance gave Service Funding constructive notice of its contents and terms, including the future advance clause.

Finally, Service Funding argues that advances totaling $45,012.16 which were made to the Crafts after the maturity dates on the two original notes significantly diminished the value of the second mortgage without Service Funding's

knowledge. Even if Service Funding incurred damage or an increased risk of loss as a result of the future advances, this argument must fail given the priority of First Security's Deed of Trust. The District Court correctly concluded that First Security had priority not only as to the previous sale proceeds, but to the remaining collateral as well.

III

Did the District Court err in failing to grant recovery to Service Funding by ordering foreclosure of the Crafts' second mortgage?

Service Funding contends that the District Court should have ordered foreclosure of the second mortgage against the Crafts pursuant to the language of the second mortgage, which allows foreclosure in the event of default. In view of the priority granted to First Security, this argument is without merit since no default has occurred.

We affirm the judgment of the District Court.

_____
Justice

We Concur:

_____
Chief Justice

_____

_____

_____
Justices

8