No. 90-605

IN THE SUPREME COURT OF THE STATE OF MONTANA

1992

LYLE D. THOMSEN,

    Plaintiff and Appellant,

-vs-

STATE OF MONTANA, acting by and through
its DEPARTMENT OF HIGHWAYS,

    Defendants and Respondents.

FILED

JUN 1 5 1992

Ed Smith
CLERK OF SUPREME COURT
STATE OF MONTANA

APPEAL FROM: District Court of the Eleventh Judicial District,
In and for the County of Flathead,
The Honorable Michael H. Keedy, Judge presiding.

COUNSEL OF RECORD:

    For Appellant:

        Donald R. Murray; Murphy, Robinson, Heckathorn &
        Phillips, Kalispell, Montana

    For Respondent:

        Betsy Brandborg, Special Assistant Attorney General,
        Risk Management & Tort Defense Division, Helena,
        Montana

Submitted on Briefs: March 26, 1992

Decided: June 15, 1992

Filed:

Clerk

Justice Terry N. Trieweiler delivered the opinion of the Court.

Plaintiff appeals from the judgment entered in the District Court, Eleventh Judicial District, Flathead County, holding that the State of Montana was not liable for the injuries to the plaintiff. We affirm in part and reverse in part.

The issues on appeal are:

1. Whether the District Court erred in limiting testimony of the plaintiff's accident reconstruction expert.

2. Whether the District Court erred in permitting defense counsel to question witnesses regarding the availability of medical and rehabilitation services by the Veterans Administration, in light of the order in limine prohibiting collateral source evidence.

On February 5, 1980, Lyle Thomsen was driving from Whitefish to Kalispell. Thomsen entered a section known as the LaSalle Road, which was under construction. After traveling southbound on the road for approximately one-half mile, Thomsen's vehicle began to leave the road, so that the right tires were about three feet right of the fog line or edge line. The ditch adjoining the road had flooded and frozen. At that point, the right tires were riding on the ice. The ice gave way, and as Thomsen attempted to regain the road, his vehicle went into a 180 degree spin, crossed the centerline, and was struck from behind by an oncoming vehicle. Thomsen suffered multiple injuries, including permanent brain injury.

On January 28, 1983, Thomsen filed suit against the State of Montana, Flathead County, and McIntyre Construction Company--the company in charge of the highway reconstruction. Flathead County was subsequently granted summary judgment on April 13, 1990. Trial commenced on June 14, 1990. The jury returned a special verdict, finding that (1) McIntyre Construction was not negligent; and (2) that the State of Montana was negligent, but that its negligence did not cause plaintiff's damages. Thomsen appeals from that judgment.

Thomsen asserts that the District Court erred in handling the testimony of his accident reconstruction expert. Thomsen maintains that the expert, a physics professor at Montana State University, was precluded from explaining fundamental laws of physics, and was not allowed to give his opinion on the angle of the tires on Thomsen's vehicle at the time they broke through the ice. The scope of expert testimony and the trial court's role in regulating it is governed by Rule 702 of the Montana Rules of Evidence. Rule 702 provides:

> If scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education may testify thereto in the form of an opinion or otherwise.

This Court has stated that the trial court is granted wide discretion in determining whether to admit expert testimony. *Simonson v. White* (1986), 220 Mont. 14, 713 P.2d 983. Further, the

court may, in its discretion, limit the scope of expert testimony. *Lindberg v. Leatham Bros., Inc.* (1985), 215 Mont. 11, 693 P.2d 1234. Accordingly, we find no error in the court's determination regarding these aspects of the expert testimony.

Thomsen further asserts that his expert was prevented from testifying to standards contained in the American Association of State Highway Transportation Officials' manual, entitled <u>Highway Design and Operational Practices Related to Highway Safety</u>, despite the fact that compliance with "current AASHTO manuals" was a requirement of the construction contract between the State and McIntyre. However, the record discloses that plaintiff was unable to provide foundation for introduction of the manual, due to questions about whether it was in effect at the time of the accident. After a subsequent offer of proof, the court ruled that the expert could be recalled to lay additional foundation. Plaintiff failed to recall his expert witness. Therefore, the District Court did not abuse its discretion by rejecting the offered evidence.

Thomsen next contends that the court erred in allowing questions concerning collateral sources, in direct contravention of plaintiff's motion in limine. In spite of the motion and subsequent objection, three separate witnesses were allowed to respond to questions regarding the availability of medical and rehabilitation services by the Veterans Administration. Thomsen claims that the main thrust of the questioning was to suggest to the jury that insurance coverage existed, and that any probative

4

value was clearly outweighed by the possibility of unfair prejudice.

We agree with the plaintiff. Plaintiff's motion in limine, granted before commencement of trial, sought to exclude, among other things, any testimony, evidence, or comment that any remuneration was received by Mr. Thomsen from a collateral source, or that he may have had medical insurance. When counsel for McIntyre Construction first delved into the matter of VA benefits, Thomsen objected. On three separate occasions, the court allowed the questioning which established the availability of VA benefits.

Courts have long recognized the strong likelihood of prejudice resulting from the introduction of collateral source evidence. Montana recognized the doctrine in *Goggans v. Winkley* (1972), 159 Mont. 85, 92, 495 P.2d 594, 598, wherein this Court stated that "[i]njection of collateral matters involving transactions between others . . . is collateral inadmissable evidence under the collateral source doctrine."

Other courts have further expounded on the doctrine. In *Hrnjak v. Graymar, Inc.* (Cal. 1971), 484 P.2d 599, 604, the California Supreme Court stated:

> The potentially prejudicial impact of evidence that a personal injury plaintiff received collateral insurance payments varies little from case to case. Even with cautionary instructions, there is substantial danger that the jurors will take the evidence into account in assessing the damages to be awarded to an injured plaintiff. Thus, introduction of the evidence on a limited admissibility theory creates the danger of circumventing the salutary policies underlying the collateral source rule. Admission despite such ominous

potential should be permitted only upon such persuasive showing that the evidence sought to be introduced is of substantial probative value.

The Alaska Supreme Court has recognized the doctrine's importance to a greater extent. In *Tolan v. ERA Helicopters, Inc.* (Alaska 1985), 699 P.2d 1265, 1267, the court stated:

> [The doctrine] also has an evidentiary role, excluding evidence of other compensation on the theory that such evidence would affect the jury's judgment unfavorably to the plaintiff on the issues of <u>liability and</u> damages. [Emphasis added.]

Defendants contend that the evidence was harmless because the jury found that the State's negligence was not the proximate cause of plaintiff's damages. As the court in *Tolan* stated, introduction of collateral source evidence may be much more damaging to a plaintiff's case than just affecting the jury's judgment regarding damages. We agree with the *Tolan* court's recognition that such evidence can have an impact upon a jury's verdict on the issue of liability, as well as damages. We conclude that the District Court erred in allowing the admission of collateral source evidence, and that such error is reversible.

Accordingly, the judgment in favor of the State of Montana is reversed and this cause remanded for a new trial consistent with this opinion.

_____
Justice

6

We concur:

_____
Chief Justice

John Conway Harrison
_____

_____

_____

_____

_____
Justices

7