NO. 94-452

IN THE SUPREME COURT OF THE STATE OF MONTANA

1995

KAPNER, WOLFBERG & ASSOCIATES,
INC., a California corporation,

Plaintiff and Respondent,

v.

BLUE CROSS AND BLUE SHIELD OF
MONTANA, a Montana corporation,

Defendant and Appellant.

FILED

MAR 16 1995

Ed Smith
CLERK OF SUPREME COURT
STATE OF MONTANA

APPEAL FROM:   District Court of the First Judicial District,
               In and for the County of Lewis and Clark,
               The Honorable Jeffrey Sherlock, Judge presiding.


COUNSEL OF RECORD:

        For Appellant:

               Stuart L. Kellner and John Alke, Hughes, Kellner,
               Sullivan & Alke, Helena, Montana

        For Respondent:

               Peter Michael Meloy and John M. Morrison, Meloy &
               Morrison, Helena, Montana


                            Submitted on Briefs:   February 9, 1995

                                        Decided:   March 16, 1995

Filed:

_____
                  Clerk

Chief Justice J. A. Turnage delivered the Opinion of the Court.

Kapner, Wolfberg & Associates, Inc. (KWA), seeks to recover monies due under a contract between Blue Cross and Blue Shield of Montana (BCBS) and St. Peter's Community Hospital of Helena, Montana. Upon a jury verdict in favor of KWA, the District Court for the First Judicial District, Lewis and Clark County, entered judgment of $144,968.64 plus interest and costs. BCBS appeals from the District Court's denial of its post-trial motion for judgment notwithstanding the verdict. We affirm.

BCBS states the issue as whether an indemnitor may be held liable on claims for which its indemnitees had no liability. We restate the issue as whether the District Court erred in failing to enter judgment notwithstanding the verdict.

In June 1989, KWA contracted with St. Peter's Community Hospital to analyze hospital patient accounts closed within the previous eighteen months. Using the corresponding medical records, KWA identified items not included in the original hospital bills and issued rebills for those items. This process was undertaken only in regard to accounts on which there was a third-party payor other than Medicare or Medicaid. The rebills were sent only to the insurer, not to the insured.

When BCBS became aware of this rebilling practice, it refused to pay any more of the rebills and reversed payments it had already made to the hospital on rebilled charges. BCBS advised the hospital that it would no longer process bills for omitted charges submitted as a result of KWA's analysis.

2

After negotiations between the hospital and BCBS on this subject failed, the hospital assigned to KWA its right to recover the charges in the rebills. KWA then commenced this action.

KWA presented evidence at trial that the contract between the hospital and BCBS entitled it to recover the disputed amounts. Additionally, it presented evidence that hospital patients who were insured by BCBS routinely signed a form assigning to the hospital the right to charge BCBS directly. KWA further argued that BCBS was liable for tort damages for neglecting to attempt prompt, fair, and equitable settlement of claims in which liability had become reasonably clear.

BCBS argued that it was not liable to pay the claims in the rebills because the rebills resulted in its insureds being charged more than other hospital patients, which was prohibited in the agreement between BCBS and the hospital. BCBS also argued that it was not liable to pay the claims because its insureds were not sent copies of or held liable for the rebilled charges.

The jury found for KWA on the contract claim and for BCBS on the tort claim. BCBS appeals from the District Court's denial of its post-trial motion for judgment notwithstanding the verdict.

Did the District Court err in failing to enter judgment notwithstanding the verdict?

In considering a motion for judgment notwithstanding the verdict (n.o.v.), the court must view the evidence in a light most favorable to the opposing party and deny the motion if a prima facie case is made. The court must decide whether substantial

credible evidence supports the jury verdict. Hash v. State (1991), 247 Mont. 497, 500, 807 P.2d 1363, 1365. Judgment n.o.v. may only be granted when it appears as a matter of law that the nonmoving party could not recover upon any view of the evidence, including the legitimate inferences to be drawn from the evidence. Wilkerson v. Sch. Dist. No. 15, Glacier Cty. (1985), 216 Mont. 203, 211, 700 P.2d 617, 622. This Court's standard of review of a ruling on a motion for judgment n.o.v. is whether substantial evidence supported submission to the jury. Gunlock v. Western Equipment Co. (1985), 219 Mont. 112, 115, 710 P.2d 714, 716.

On appeal, BCBS cites statutory and case law for the proposition that an indemnitor is not liable on claims for which its indemnitee has no liability. See § 28-11-314(2), MCA; see, e.g., St. Paul Fire and Marine Insurance Co. v. Thompson (1969), 152 Mont. 396, 403, 451 P.2d 98, 102. However, at trial, BCBS offered no jury instructions on the indemnity theory and none were given. BCBS did not request that the jury be asked to make a finding as to whether BCBS's insureds had been released from liability.

Theories of law not presented at trial will not be heard on appeal. Chamberlain v. Evans (1979), 180 Mont. 511, 517, 591 P.2d 237, 240. For example, where an asserted agency relationship was not raised as an issue at the trial court level, this Court held that the existence of that relationship could not be argued on appeal to support a claim of breach of fiduciary duty. Service Funding, Inc. v. Craft (1988), 234 Mont. 431, 434, 763 P.2d 1131, 1133. We will not further consider the indemnity argument.

4

BCBS asserts that the hospital admitted at trial it did not plan to hold the insureds liable for the amounts rebilled. However, a decision by the hospital not to pursue payment by the patient does not necessarily translate into a release of liability. KWA presented evidence justifying the decision not to bill patients directly as a collection strategy.

After reviewing the record, we conclude that KWA presented sufficient evidence to support submission to the jury of the question of BCBS's liability for the rebills. We therefore hold that the District Court did not err in denying the motion for judgment n.o.v.

Affirmed.

_____
                    Chief Justice

We concur:

_____

_____

_____

_____
                    Justices

5