No. 95-330

IN THE SUPREME COURT OF THE STATE OF MONTANA

1996

EVELYN SUMNER,

    Plaintiff and Respondent,

  v.

PIONEER READY MIX,
a Montana Corporation,

    Defendant and Appellant.

FILED

FEB 1 1996

Ed Smith
CLERK OF SUPREME COURT
STATE OF MONTANA

APPEAL FROM:  District Court of the Eighteenth Judicial District,
In and for the County of Gallatin,
The Honorable Larry W. Moran, Judge presiding.


COUNSEL OF RECORD:

    For Appellant:

        James M. Kommers, Esq., Daniel J. Roth, Esq.;
Kommers & Roth, Bozeman, Montana

    For Respondent:

        Monte D. Beck, Esq., John J. Richardson, Esq.;
Beck Law Offices, Bozeman, Montana


Submitted on Briefs:  December 7, 1995

Decided:  February 1, 1996

Filed:

_____
Clerk

Justice W. William Leaphart delivered the Opinion of the Court.

Pursuant to Section I, Paragraph 3(c), Montana Supreme Court 1995 Internal Operating Rules, the following decision shall not be cited as precedent and shall be published by its filing as a public document with the Clerk of the Supreme Court and by a report of its result to Montana Law Week, State Reporter and West Publishing Company.

Pioneer Ready Mix (Pioneer) appeals from the Gallatin County, Eighteenth Judicial District Court's Order granting Evelyn Sumner (Sumner) Judgment Notwithstanding the Verdict and New Trial. The court found that it made two errors during trial justifying judgment notwithstanding the verdict and new trial. First, the issues of negligence and causation were included in a single question on a special jury verdict form. Second, the court determined it should have granted Sumner's Motion for a Directed Verdict on negligence. Consequently, the court vacated the jury verdict for Pioneer, entered judgment in favor of Sumner on the issue of negligence, and ordered a new trial on the remaining issues. We affirm in part, reverse in part, and remand for further proceedings consistent with this opinion.

Pioneer raises three issues on appeal:

1. Did the District Court err by granting Sumner's Motion for Judgment Notwithstanding the Verdict by concluding that Pioneer was negligent as a matter of law?

2. Did the District Court err by granting Sumner's Motion for Judgment Notwithstanding the Verdict because a blended verdict form was used?

3. Did the District Court err by granting a Motion in Limine to prohibit the expert medical testimony of Dr. Roger S. Williams?

Since this matter is being remanded for a new trial, we set out only the barest of facts. Pioneer Corporation specializes in road construction. In the summer of 1991, Pioneer workers were repairing asphalt driveways on Yellowtail Road in Big Sky, Montana. Pioneer employee, Camilla Daly (Daly) drove a fourteen-ton "BROS" gravel roller down Yellowtail Road on the date of the accident, July 22, 1991. As Daly drove down Yellowtail Road, the BROS popped out of gear and proceeded out of control into the driveway of Sumner's son's house and crashed into Sumner's parked automobile. Sumner was standing near her vehicle which was parked in the driveway when she saw the BROS coming directly at her. She testified that she threw herself to the left to escape being hit. She alleges this action injured her back.

In January of 1995, this matter went to trial before a twelve person jury. Both parties moved for and were denied directed verdicts. In response to the parties' motions, the court stated:

> THE COURT: All right. Counsel, I think it would be inappropriate for the Court to enter summary judgment for either side in this case. I think there are controverted facts that are appropriate for a jury to deliberate about. Essentially, if I were to enter a directed verdict in behalf of either side, I would be taking the case away from the jury. I don't think that would be appropriate under the factual circumstances presented, and I don't think that there is established liability as a matter of law in this case. I think that's a jury question, so the motion will be overruled made by the plaintiff. Motion will be overruled made by the defendant.

The jury returned a nine to three verdict for Pioneer by answering "No" to the Special Verdict Question which asked: "Was

3

Defendant Pioneer Ready Mix negligent, and was its negligence the cause of injury to the Plaintiff Evelyn Sumner?" Sumner filed a Motion for Judgment Notwithstanding the Verdict and New Trial on damages, or, in the alternative, a new trial on all the issues. The District Court granted Judgment Notwithstanding the Verdict and New Trial on two bases. First, because the issues of negligence and causation were included in a single question on the special jury verdict form. Second, the court determined it should have granted Sumner's Motion for a Directed Verdict on negligence because "it is negligence as a matter of law to put any vehicle on public roadways which cannot be stopped." Therefore, the court found that the jury verdict should be vacated, judgment entered in favor of Sumner on the issue of negligence, and a new trial held on the remaining issues of causation and damages.

Pioneer does not challenge the District Court's granting of a new trial. In fact, Pioneer requested that the District Court limit its ruling to a grant of new trial on all issues rather than judgment notwithstanding the verdict. It is undisputed that, absent settlement, this case will be retried. Thus, the questions remaining are whether negligence exists as a matter of law, whether it was error to include negligence and causation in one verdict question, and whether the District Court erred in granting Sumner's Motion in Limine to prohibit Dr. Roger S. Williams' testimony.

1. Did the District Court err by granting Sumner's Motion for Judgment Notwithstanding the Verdict by concluding that Pioneer was negligent as a matter of law?

The District Court granted Judgment Notwithstanding the Verdict on the grounds that it should have granted Sumner's Motion for a Directed Verdict on negligence following the close of Pioneer's case-in-chief. The court reasoned that:

> [I]t is negligence as a matter of law to put any vehicle on public roadways which cannot be stopped. The precise evidence in this case was that the Defendant's road roller was unable to stop, either due to inadequate brakes or negligent operation. Furthermore, the roller was unable to be voluntarily steered, which caused it to veer off the public roadway and collide with Plaintiff's vehicle in a private driveway.

In considering a motion for judgment notwithstanding the verdict, the court must view all of the evidence in a light most favorable to the non-moving party. Nelson v. Flathead Valley Transit (1992), 251Mont. 269, 271-72, 824 P.2d 263, 265; Nicholson v. United Pacific Ins. Co. (1985), 219 Mont. 32, 710 P.2d 1342. The motion may only be granted if it appears as a matter of law that the non-moving party could not recover upon any view of the evidence, including legitimate inferences to be drawn from it. Kapner, Wolfberg & Assoc. v. BC/BS (1995), 270 Mont. 283, 285, 891 P.2d 530, 532; Nelson, 824 P.2d at 265. Therefore, to grant judgment notwithstanding the verdict there must be a lack of substantial evidence to support the jury verdict. Kapner, 891 P.2d at 532; Nelson, 824 P.2d at 265. This Court's standard of review of a ruling on a motion for judgment notwithstanding the verdict is whether substantial evidence supported submission to the jury. Kawner, 891 P.2d at 532.

Sumner relies on Garza v. Peppard (1984), 213 Mont. 25, 689 P.2d 279, for the proposition that Pioneer was negligent as a

matter of law. In _Garza,_ we upheld the district court's judgment notwithstanding the verdict because the defendant was negligent as a matter of law for failing to keep a proper lookout while driving. Under Montana law, a motorist has a duty to keep a proper lookout. _Garza,_ 689 P.2d at 280. In _Garza_ there were no other considerations such as bad weather, poor visibility or contributory negligence, to mitigate the defendant's negligence, thus, we held that "[t]he only reasonable conclusion is that Peppard failed to keep a proper lookout." _Garza_ 689 P.2d at 280-81.

However, in the instant case, the court did not focus on Pioneer's or Daly's negligent conduct. Rather, the court's rationale that it is negligence as a matter of law to put any vehicle on public roads which cannot be "voluntarily steered" or stopped due to inadequate brakes or negligent operation, improperly focuses on the design or capability of the vehicle and thus confuses product liability theory with negligence of the operator or owner. Under the terms of the pretrial order, this suit was tried solely as a negligence case, defective design or manufacture of the roller's brakes were not at issue. In light of this confusion of legal theories, we hold that the court erred in concluding, as a matter of law, that Pioneer was negligent. Accordingly we reverse the judgment notwithstanding the verdict and remanded for a new trial on all issues.

2. Did the District Court err by granting Sumner's Motion for Judgment Notwithstanding the Verdict because a blended verdict form was used?

Pioneer has raised three issues on appeal. Its first and second issues both challenge the propriety of granting judgment notwithstanding the verdict. The third issue raises an evidentiary question. None of the issues raised on appeal challenge the granting of a new trial. In addressing the first issue and remanding for a new trial on all issues, we have already determined that the judgment notwithstanding the verdict was improperly granted and must be reversed. Accordingly, there is no need to again analyze the judgment notwithstanding the verdict in light of the blended jury verdict form. We note, however, that the preferable approach is to not use blended jury verdict questions. It is much easier to analyze jury findings if questions as to negligence and causation are posed separately.

3. Did the District Court err by granting a Motion in Limine to prohibit the expert medical testimony of Dr. Roger S. Williams?

After the accident, Sumner's auto insurance carrier paid some of her medical costs. The auto insurance company retained Dr. Williams to determine if the medical payment coverage on Sumner's vehicle should continue to pay for her medical bills. After Dr. Williams' examination and report, Sumner's auto insurer refused to further pay Sumner's medical bills.

Pursuant to Rule 35(a), M.R.Civ.P., Pioneer moved to allow Dr. Williams to perform an independent medical examination of Sumner. The District Court denied Pioneer's motion. Pioneer then gave notice that it intended to take and introduce the deposition of Dr. Williams. Sumner moved to quash Dr. Williams' deposition and moved

for a protective order regarding testimony and evidence, such as medical reports, received from Dr. Williams.

The District Court granted Sumner's motion on the following grounds: Permitting the testimony and introduction of Dr. Williams' medical examination of Sumner would violate the collateral source rule and the rule precluding introduction of insurance matters; the potential prejudice to Sumner of permitting Dr. Williams to testify outweighed the probative value of the evidence to be presented; and Pioneer had the opportunity to have Sumner "examined by its own medical expert, an opportunity specifically granted by previous Court Order pursuant to Rule 35."

On appeal, Pioneer argues that "[m]ost all doctors are paid by insurance companies these days." Additionally, Pioneer contends that the court should have narrowed its ruling to allow Dr. Williams to testify under appropriate safeguards to keep disclosure of his link with Sumner's insurance company from the jury.

Our standard of review of evidentiary rulings is whether the district court abused its discretion. Seizure of $23,691.00 in U.S. Currency (Mont. 1995), 905 P.2d 148, 152, 52 St.Rep. 1063, 1065. The district court has broad discretion to determine whether or not evidence is relevant and admissible, and we will not overturn the district court's determination absent a showing of abuse of discretion. Seizure of $23,691.00, 905 P.2d at 152.

Pursuant to § 27-1-307(1), MCA, the definition of collateral source is "a payment for something that is later included in a tort award and which is made to or for the benefit of a plaintiff or is

8

otherwise available to the plaintiff." Specifically, health or automobile accident insurance that provide health benefits or income disability coverage to the plaintiff, is a collateral source. Section 27-1-307(1)(b), MCA. Under § 27-1-308(3), MCA, the jury cannot consider any collateral sources in determining its award. Additionally, we have held that allowing the admission of collateral source evidence can be reversible error. Thomsen v. State Dep't of Highways (1992), 253 Mont. 460, 464, 833 P.2d 1076, 1078. In Thomsen, we recognized the strong likelihood of prejudice resulting from the introduction of collateral source evidence such as the availability of medical insurance. 833 P.2d at 1078. Thus, admission of collateral source evidence should be permitted only upon such persuasive showing that the evidence sought to be introduced is of substantial probative value. Thomsen, 833 P.2d at 1078.

Accordingly, the District Court correctly excluded the testimony of Dr. Williams as potential collateral source evidence. Sumner would have been unreasonably limited on cross-examination because she would not have been able to explore Dr. Williams' biases, prejudices, and ulterior **motives,** if any, without revealing that Dr. Williams worked for and was paid by Sumner's own insurance carrier. Additionally, Pioneer did not persuasively show that Dr. Williams' testimony was of sufficient substantial probative value to outweigh its potential prejudice to Sumner. Dr. Williams' testimony was unnecessary because an independent medical examination could have been performed by another physician. The

court did not preclude Pioneer from obtaining an independent medical examination. In fact, Pioneer moved for a continuance of the trial in order to have an independent medical examination by a mutually agreed on physician, but later decided not to submit Sumner to an independent medical examination. An independent medical examination under Rule 35, M.R.Civ.P., is a nonadversarial procedure. Mohr v. District Court (1983), 202 Mont. 423, 428, 660 P.2d 88, 89. The District Court declined to require Sumner to submit herself to examination by a doctor she found offensive: "I think it would be absolutely wrong to force the plaintiff in this case to go to a doctor that she evidently detests, has no confidence in, doesn't want to be submitted to . . ." We hold that the District Court did not abuse its discretion in excluding Dr. Williams' testimony and participation as an independent medical examiner.

Affirmed in part, reversed in part, and remanded for a new trial on all the issues.

_____
Justice

We concur:

_____
Chief Justice

_____

_____

_____
Justices

10