No.   94-276

IN THE SUPREME COURT OF THE STATE OF MONTANA

1995

HAROLD R. PATTEN and
BETTY R. PATTEN,

    Plaintiffs and Respondents,

-v-

PHYLLIS M. RADDATZ, a/k/a
PHYLLIS M. STONER,

    Defendant and Appellant

APPEAL FROM:   District Court of the Eighth Judicial District,
In and for the County of Cascade,
The Honorable Thomas M. McKittrick, Judge presiding.

COUNSEL OF RECORD:

       For Appellant:

          Michael R. Tramelli, Great Falls, Montana; David
Paoli, Missoula, Montana; Fred Paoli, Livingston,
Montana

       For Respondent:

          Joseph G.  Mudd,  Steven T.  Potts,  Jardine,
Stephenson, Blewett & Weaver, Great Falls, Montana;
William Conklin, Conklin, Nybo, Leveque & Murphy,
Great Falls, Montana; Teresa D. Thompson, Spokane,
Washington

Submitted on Briefs:  March 9, 1995

Decided:  May 23, 1995

Filed:

FILED

MAY 23 1995

*Ed Smith*
CLERK OF SUPREME COURT
STATE OF MONTANA

Clerk

Justice Fred J. Weber delivered the Opinion of the Court

This is an appeal from an order of the Eighth Judicial District Court, Cascade County, granting plaintiffs' motion for partial summary judgment and denying defendant's motion for partial summary judgment. We affirm.

We restate the issues on appeal:

I. Did the District Court err when it granted summary judgment in favor of Harold and Betty Patten on Phyllis Raddatz's counterclaim of negligence?

II. Did the District Court err when it granted summary judgment on Phyllis Raddatz's claim of negligence per se in favor of Harold and Betty Patten?

Phyllis Raddatz (Ms. Raddatz) was involved in a sexual relationship with Harold Patten (Mr. Patten) from 1978 to 1992. According to Ms. Raddatz, their relationship began when Mr. Patten invited her to lunch and "intimated that he wanted a long-term relationship." She testified that he specifically asked "you realize sex goes with this?" Thus, Ms. Raddatz alleges she entered this "long-term relationship" just as one enters a contract. The terms of the arrangement were that Ms. Raddatz would be available to Mr. Patten to have sex, take various tranquilizers and sleeping pills, provide companionship and drink with him. Mr. Patten would, in turn, support her financially. Mr. Patten stopped giving her money in 1992 and refused to provide for her in any other manner.

Harold and Betty Patten (Pattens) filed an action for injunction on May 27, 1993, alleging that Ms. Raddatz had harassed

2

them, invaded their privacy, interfered with the Pattens' rights of personal relations, and attempted to seduce Mr. Patten from Mrs. Patten. The court held a hearing on this action and, based on testimony, exhibits, and Ms. Raddatz's stipulation, granted a preliminary injunction to the Pattens. Subsequently, Ms. Raddatz counterclaimed against the Pattens for breach of contract, defamation, infliction of emotional distress, negligence, and negligence per se for giving prescription drugs to Ms. Raddatz during her and Mr. Patten's relationship. Trial was set for May 31, 1994.

On April 25, 1994, the Pattens filed a motion for partial summary judgment asking the court to grant judgment in their favor on Ms. Raddatz's counterclaims. Ms. Raddatz filed a motion for partial summary judgment on April 28, 1994, seeking judgment in her favor on the negligence per se counterclaim. Ms. Raddatz then filed a motion to vacate the upcoming trial setting, and stipulated to dismiss all three of her counterclaims leaving her negligence and negligence per se claims to be addressed in connection with the summary judgment motions. The negligence and negligence per se claims were based on Mr. Patten giving his prescription drugs to Ms. Raddatz and causing her to become addicted to them. The court heard oral arguments on all three motions and issued a memorandum and order on May 20, 1994, granting the Pattens' motion for partial summary judgment and denying Ms. Raddatz's motion for partial summary judgment.

MS. Raddatz appeals the District Court's May 20, 1994

decision.

## I.

Did the District Court err when it granted summary judgment in favor of the Pattens on Ms. Raddatz's counterclaim of negligence?

Summary judgment is appropriate under Rule 56(c) of the Montana Rules of Civil Procedure when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."

The District Court's memorandum set forth the following undisputed facts. Ms. Raddatz met Mr. Patten in 1978. For the next fourteen years, Ms. Raddatz agreed with Mr. Patten to take tranquilizers from him, have sex with him, and drink with him in exchange for his financial support. Mr. Patten admitted that he gave **some** pills to Ms. Raddatz during their relationship. Ms. Raddatz testified that, during this relationship, she obtained sleeping pills and tranquilizers from her doctor **as well as from** Mr. Patten. She had voluntarily stopped taking the Halcion (sleeping drug) and the Valium for over a month. She took Ativan, a tranquilizer prescribed by her doctor, the morning of the deposition. Prior to that day, she had not taken Ativan for approximately a week. At deposition, she could not recall if a doctor had ever diagnosed her as being addicted to drugs.

These facts lead the District Court to its first conclusion.

"The undisputed facts set forth above show that [Ms. Raddatz's] case against [Mr. Patten] is based upon

**4**

approximately 14 years of sex, drugs, and drinking. It was an illegal and illicit relationship. Neither the relationship nor its termination gives rise to legal remedies, just as there is no remedy for breach of an illegal contract. See M.C.A. § 1-3-215 (1993)."

The District Court then determined whether the Pattens or Ms. Raddatz were entitled to a judgment as a matter of law. In its legal analysis, the court applied the doctrine of in pari delicto set forth in § 1-3-215, MCA, as follows:

Equal in right or wrong. Between those who are equally in the right or equally in the wrong, the law does not interpose.

The in pari delicto doctrine is based upon the premise that there is no recourse between wrongdoers. See Waller v. Engelke (1987), 227 Mont. 470, 741 P.2d 385. Here, the court found that Ms. Raddatz's "claims arise from a relationship founded upon prostitution and possession of [dangerous] drugs, both of which are illegal." See §§ 45-5-601, MCA (sex in exchange for compensation is an act of prostitution), and 45-9-102(1), MCA (criminal possession of dangerous drugs). Thus, the court concluded that because the agreement between Ms. Raddatz and Mr. Patten was illegal, "the in pari delicto doctrine does not permit recovery for torts supposedly committed during the course of 'performing' such agreements."

Ms. Raddatz argues that the relationship was not an act of prostitution because it involved more than agreeing to have sex and take drugs. She claims it involved companionship, emotional support and love. She cites to Mr. Patten's testimony that they didn't always have sex. In his testimony, he stated that sometimes

they would just play cards and drink beer. Ms. Raddatz believes both her and Mr. Patten's testimony establish that she is not a prostitute and did not consume the drugs he provided merely for money. Ms. Raddatz argues that the relationship's characterization is a disputed issue of fact which should be addressed by a jury.

Further, Ms. Raddatz claims she could not commit the offense of criminal possession of drugs because she did not have the mental capacity to form the requisite intent. She reports a neuropsychologist's conclusion that Ms. Raddatz came into this relationship with Mr. Patten "as a male dependent, manipulatable woman, who because of her fragile mental condition, was more likely to 'do' as instructed by him." Ms. Raddatz argues that her susceptibility to Mr. Patten's control is also a disputed issue of fact which should be considered in determining whether she committed the offenses of prostitution or criminal possession of drugs.

Even if she were found to be capable of possessing the requisite intent, Ms. Raddatz argues that the in pari delicto doctrine should not apply here. She cites Waller, 227 Mont. at 447, 741 P.2d at 390, for the principle that conduct which is not strongly condemned by the public as a matter of serious criminal conduct or delinquency is not sufficient to bar recovery. She says the court further states the trier of fact may utilize comparative negligence to apportion fault. With this in mind, she contends that Mr. Patten's conduct, as a married man who distributes illegal drugs, is far more egregious than her own conduct and should,

6

therefore, permit her recovery.

Mr. and Mrs. Patten argue that Ms. Raddatz cannot recover because she was at fault as well. During the course of her and Mr. Patten's relationship, she violated the following statues: §§ 45-5-601, MCA (making prostitution a crime); 45-g-102, MCA (making use and possession of drugs criminal); 27-1-514, MCA (forbidding the seduction of a spouse); and 27-1-515, MCA (forbidding the enticement of a husband from his wife). The Pattens argue the doctrine of in pari delicto bars recovery and makes no allowance for the comparison of "egregious" conduct.

In addition, the Pattens point out that Ms. Raddatz has failed to prove evidence as to causation. No evidence was produced to indicate she was forced to take drugs. In fact, she took drugs only as a bargain. Dr. Maynard, who medically treated Ms. Raddatz for six years, testified he never diagnosed her as being addicted to drugs. He further stated he was aware of no significant problem with Ms. Raddatz's use of tranquilizers and sleeping pills. In substance, the Pattens contend that while Ms. Raddatz alleges there is negligence, drug addiction, brain disease, etc., all the testimony and exhibits are to the contrary.

The standard that we apply in reviewing the District Court's grant of motion for summary judgment is the same as that used by the District Court under Rule 56(C), M.R.Civ.P., "that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter law." Dare v. Montana Petroleum Marketing Co. (1984), 212 Mont. 274, 687 P.2d 1015.

7

In *Lencioni v. Long* (1961), 139 Mont. 135, 361 P.2d 455, we denied recovery in a negligence case under the doctrine of in pari delicto. In that case, a bartender was denied recovery for an injury sustained while he was operating a bar in violation of state liquor control and prostitution laws. Here, circumstances exist where Ms. Raddatz seeks recovery for an injury sustained while executing the terms of an illegal contract.

According to Ms. Raddatz's testimony, she accepted $1,000 from Mr. Patten on their second meeting; and, thereafter, entered into a long-term relationship where she agreed to perform sexual favors for Mr. Patten in exchange for his financial support. Sex for money is prostitution and prostitution is illegal under § 45-5-601, MCA.

Furthermore, she testified that the terms of their service arrangement included her availability to Mr. Patten to have sex, to party, and to take the drugs he gave to her. The drugs she took were prescription drugs prescribed to Mr. Patten and classified as dangerous drugs under § 50-32-101(6), MCA. The evidence shows she knew these drugs were prescription drugs and had not been specifically prescribed to her. Unauthorized possession of dangerous drugs is illegal under § 45-g-102, MCA. Ms. Raddatz has not been convicted nor even charged criminally with prostitution or with possession of dangerous drugs. Nonetheless, her testimony shows that she entered into a contract with Mr. Patten the objective of which was illegal.

Ms. Raddatz disputes this analysis by claiming their

relationship was more than an agreement for sex. Mr. Patten's testimony is far from supportive and her contention is substantially contradicted by her own testimony. In opposing a motion for summary judgment, the "non-moving party must set forth specific facts and cannot simply rely upon their pleadings, nor upon speculative, fanciful, or conclusory statements." Thomas v. Hale (1990), 246 Mont. 64, 67, 802 P.2d 1255, 1257 (citing Simmons v. Jenkins (1988), 230 Mont. 423, 432, 750 P.2d 1067, 1069). The record overwhelmingly supports the premise that sex for money was the primary purpose of the agreement.

Ms. Raddatz then attempts to argue her mental capacity to form the intent to commit the offense of criminal possession of drugs is also a disputed issue of fact. She claims that Mr. Patten had such control over her that she was incapable of voluntarily consenting to take the drugs Mr. Patten gave to her. She merely did as she was told.

A person commits the offense of criminal possession of drugs under § 45-g-102, MCA, if he possesses any dangerous drug. Possession is defined as "the knowing control of anything for a sufficient time to be able to terminate control." Section 45-2-101(52), MCA. A person acts knowingly "when the person is aware of that person's own conduct or that the circumstance exists." Section 45-2-101(33), MCA.

Here, Ms. Raddatz testified that she took the drugs as a term of her and Mr. Patten's agreement. Prior to meeting Mr. Patten, MS. Raddatz's psychiatrist prescribed tranquilizers for her.

9

Further evidence shows, during her **involvement** with Mr. Patten, she asked for and was prescribed by her doctor tranquilizers and sleeping pills over twenty-five different **times.** Clearly, the evidence submitted by Ms. Raddatz shows that she knew what she was taking and the consequences thereof. Ms. Raddatz's own testimony establishes there is no issue of material fact.

The District Court found the Pattens entitled to judgment as a matter of law because Ms. Raddatz's recovery for negligence was barred under the doctrine of in pari delicto.

Ms. Raddatz attempts to argue there is no rational nexus between the illegal agreement of the parties and the giving of prescription drugs. Under her own testimony, Ms. Raddatz took the drugs because Mr. Patten wanted her to be relaxed yet awake when he required her services. It is apparent that the giving of prescription drugs was a significant part of the illegal agreement.

Ms. Raddatz further contends that the doctrine of in pari delicto does not apply here because, under Waller, we concluded that conduct which is not strongly condemned by public policy as a matter of serious criminal conduct or delinquency may not be sufficient to bar recover. Waller, 227 Mont. at 476, 741 P.2d at 389. We also held, in such a case, the courts should inquire into the relative delinquency of the parties and administer justice between them. Ms. Raddatz alleges Mr. Patten's conduct was **more** egregious than her own because he was the one who initiated the relationship. Furthermore, Ms. Raddatz claims Mr. Patten actually distributed the prescription drugs in violation of § 45-g-101, MCA.

10

She merely took them.

We conclude that Montana Law, as a matter of public policy, strongly condemns prostitution as herein described as well as the illegal use of drugs in the course of such prostitution; and, therefore, conclude that participation in such conduct bars recovery by Ms. Raddatz. In addition, we conclude that the delinquency of both parties is sufficiently comparable to bar recovery in negligence by either party under the doctrine of in pari delicto.

We hold that the District Court did not err when it granted summary judgment on Ms. Raddatz's counterclaim of negligence in favor of the Pattens.

II.

Did the District Court err when it granted summary judgment on Ms. Raddatz's claim of negligence per se in favor of the Pattens?

In our discussion of the first issue, we stated summary judgment is appropriate where there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Furthermore, we concluded Ms. Raddatz produced no genuine issue of material fact. We so conclude on this issue as well.

We have held that negligence per se is composed of the following elements:

1. The defendant violated a particular statute;

2. The statute was enacted to protect a specific class of persons;

3. The plaintiff is a member of that class;

4. The plaintiff's injury is the sort the statute was

11

enacted to prevent; and

5.  The statute was intended to regulate a member of defendant's class.

Hislop v. Cady (1993), 261 Mont. 243, 247, 862 P.2d 388, 391.

The District Court ruled that Ms. Raddatz's negligence per se claim was barred because she failed to allege any of the other elements necessary to sustain recovery under the doctrine of negligence per se. The court heard no evidence showing § 45-g-101, MCA, was enacted to protect a class of persons of which Ms. Raddatz belonged, nor was there evidence that her injury is the sort the statute was enacted to prevent.

Ms. Raddatz contends that the protected class is self-evident --those who are given prescriptive drugs without the benefit of having been prescribed those drugs by a medical doctor. This argument is thoroughly contradicted by the fact that Ms. Raddatz was prescribed the same drugs by her doctor, thus, receiving the benefit of his care. Ms. Raddatz's legal argument is wholly insufficient. She is not entitled to a judgment as a matter of law.

We hold that the District Court did not err when it granted summary judgment on Phyllis Raddatz's claim of negligence per se in favor of Harold and Betty Patten.

Affirmed.

_____
Justice

We Concur:

_____
Chief Justice

12

Justices

Justice William E. Hunt, Sr., specially concurring.

While I concur in the result reached by the Court, I take issue with the majority's analysis which affirms the District Court's application of the doctrine of *inparidelicto* but ignores a fundamental principle of that doctrine.

In <u>Waller,</u> we concluded that:

> [W]here the offenses have involved criminal conduct or delinquency of which the law strongly disapproves as a matter of public policy, the parties are to be deemed equally guilty and the courts will not inquire further into their relative guilt.

<u>Waller</u>, 741 P.2d 389-90. Despite this prohibition against apportioning guilt, both the District Court and the majority go to great lengths to detail the criminal conduct and delinquencies of Ms. Raddatz while ignoring the criminal conduct and delinquencies of Mr. Patten that initiated and sustained an illicit 14-year relationship. The majority creates the impression that the only bad actor in this unfortunate relationship was Ms. Raddatz. The record, however, does not support this impression.

Once it is determined that the doctrine applies, both parties are deemed equally guilty, and both parties are barred from recovery. Because the parties are barred from recovery, there exists no genuine issue of material fact, and therefore, summary judgment is proper. There is no need to weigh the relative guilt of the parties, and there is certainly no need to create the impression that the guilt rests with one party.

_____
Justice

14