No.  94-614

IN THE SUPREME COURT OF THE STATE OF MONTANA

1995

RAYMOND LOMBARDO,

      Plaintiff and Respondent,

   v.

TOM HEISLER d/b/a THE LOADING ZONE
BAR and THE PLAYGROUND, INC.,

      Defendants and Appellants.

APPEAL FROM:   District Court of the Eighth Judicial District,
             In and for the County of Cascade,
             The Honorable John McCarvel, Judge presiding.

COUNSEL OF RECORD:

      For Appellant:

          Robert J. Emmons, Emmons & Sullivan, Great Falls,
          Montana

      For Respondent:

          Joseph C. Engel, III, Great Falls, Montana

Submitted on Briefs:  September 13, 1995

Decided:  December 5, 1995

Filed:

FILED

DEC 05 1995

Ed Smith
CLERK OF SUPREME COURT
STATE OF MONTANA

Clerk

Justice William E. Hunt, Sr., delivered the Opinion of the Court.

Pursuant to Section I, Paragraph 3(c), Montana Supreme Court 1995 Internal Operating Rules, the following decision shall not be cited as precedent and shall be published by its filing as a public document with the Clerk of this Court and by a report of its result to State Reporter Publishing Company and West Publishing Company,

Appellant and defendant, Tom Heisler (Heisler), appeals from a jury verdict awarding petitioner, Raymond Lombardo, $160,000 in damages, reduced to $80,000 on a finding of petitioner's 50% negligence. Heisler appeals the denial of his motion for a judgment N.O.V. and jury instructions given by the District Court.

We affirm.

We address the following dispositive issues on appeal:

1. Did the District Court err in denying Heisler's motion for judgment N.O.V?

2. Did the District Court err in giving court's instruction No. 8, concerning premises safety?

3. Did the District Court err in refusing Heisler's proposed instructions No. 3, regarding the "clean hands" doctrine, and instructions 4, 5, 7, and 14, regarding supervening and intervening causes?

## FACTS

On March 16, 1991, Raymond Lombardo (Lombardo) and Robert Mattern (Mattern) were both at the "Loading Zone," a bar in Great Falls, Montana. Around closing time, they engaged in a yelling match because Mattern knocked the beer Lombardo had just purchased

2

from his hands. The two were separated and escorted out of the bar by the "Loading Zone's bouncers. Lombardo testified the bouncers encouraged the two to take it across the street. About the same time these acts occurred, a police officer drove down the alley. The officer asked if there was a problem, and one of the bouncers told the officer that everything was fine.

Lombardo then walked over to the neighboring bar, "The Playground" to pick up his friend, Andy Krueger who was in a wheel chair. As Lombardo was loading Krueger's wheel chair into the car, Mattern attacked Lombardo with a knife, stabbing him eleven times.

Lombardo brought this negligence action to recover damages from the owner of the "Loading Zone" bar and "The Playground" bar. Lombardo contended Heisler was negligent in failing to provide premises safety in "The Playground" parking lot. A jury trial was held in August of 1994. The jury found Heisler to be 50% negligent, and Lombardo to be 50% negligent. The jury then found Lombardo had sustained $160,000 in damages. Judgment was entered on September 15, 1994, awarding Lombardo $80,000 in damages. Heisler appeals.

<u>ISSUE 1</u>

Did the District Court err in denying Heisler's motion for judgment N.O.V?

When reviewing a motion for a judgment notwithstanding the verdict (N.O.V.) the District Court must consider evidence in the light most favorable to the opposing party and decide whether substantial credible evidence supports the jury verdict. Knaper,

3

Wolfberg & Associates, Inc. v. Blue Cross and Blue Shield of Montana (1995), 270 Mont. 283, 285, 891 P.2d 530, 532. The standard we use when reviewing the District Court's denial of a motion for judgment N.O.V. is whether substantial credible evidence supported submission to the jury. Knauer, 891 P.2d at 532.

In this case, we must decide whether a jury issue was created after reviewing the evidence in the light most favorable to Lombardo. See Jaques v. Montana National Guard (1982), 199 Mont. 493, 503, 649 P.2d 1319, 1325. We have held before that we will exercise great restraint in interfering with the constitutionally mandated process of a jury decision. See Barmeyer v. Montana Power Company (1983), 202 Mont. 185, 191, 657 P.2d 594, 597 (overruled on other grounds, citing Jauues, 649 P.2d 1319).

In this case, Heisler contends a judgment N.O.V. is appropriate for two reasons. First, Heisler contends Lombardo left "The Playground" parking area and later returned without Heisler's knowledge to fight with Mattern. Second, Heisler proposes the evidence supports a finding that Lombardo's negligence was at least 51% or more than any negligence on his part.

Upon review of the record, we conclude that the evidence presented at trial created a jury issue in regards to Heisler's negligence. On appeal, Heisler has merely reargued his case. In doing so he invades the province of the jury; "A jury may believe the testimony of one witness and disbelieve that of another, or any numbers of others, and the determination of the jury in this regard is final. . . ." Batchoff v. Craney (1946), 119 Mont. 157, 161,

4

172 P.2d 308, 311; Buhr on behalf of Lloyd v. Flathead County (1994), 268 Mont. 223, 886 P.2d 381.

Therefore, since there was sufficient credible evidence to support submission of the case to the jury, we hold that the District Court's denial of Heisler's motion for judgment N.O.V. should be affirmed.

<u>ISSUE 2</u>

Did the District Court properly instruct the jury in giving court's instruction No. 8, concerning premises safety?

It is within the District Court's discretion to decide how to instruct the jury, and we will not overturn the District Court except for abuse of discretion. Contreras v. Vannoy Heating & Air Cond. (1995), 270 Mont. 393, 400, 892 P.2d 557, 561-62 (citing Hall v. Big Sky Lumber & Supply, Inc. (1993), 261 Mont. 328, 863 P.2d 389).

Heisler contends instruction No. 8 should have been refused. The court's instruction read as follows:

> In determining whether premises were reasonably safe, you should consider all of the surrounding circumstances shown by the evidence including, but not limited to, the following matters:
> 1. the manner in which the property is used;
> 2. the setting, location and physical characteristics of the property;
> 3. the type of person who would reasonably be expected to visit the premises; and
> 4. the specific type of hazard or unsafe condition alleged.

Heisler argues this instruction concerns physical properties of the premises. He argues that because the patron's behavior was the

issue and not the physical characteristics of "The Playground" the instruction was in error.

We do not agree. Instruction No. 8 is an appropriate instruction regarding premises safety. See Davis v. L.D.S. Church (1990), 244 Mont. 61, 71, 796 P.2d 181, 187; Limberhand v. Big Ditch Co. (1985), 218 Mont. 132, 706 P.2d 491. Heisler is correct that the instruction does not specifically mention the "physical behavior" of the patrons; however, the instruction is not restricted to the listed factors. The instruction tells the jury that they ". . . should consider all of the surrounding circumstances shown by the evidence, including but not limited to, the following matters: the manner in which the property is used; setting, location and physical characteristics of the property; the type of person who would reasonably be expected to visit the premises; and the specific type of hazard or unsafe condition alleged." This instruction adequately instructs the jury that the patron's behavior can be considered by a jury.

We conclude there was not abuse of discretion, and we therefore affirm the District Court's giving of instruction No. 8.

<u>ISSUE 3</u>

Did the District Court properly instruct the jury by refusing Heisler's proposed instructions No. 3, concerning the "clean hands" doctrine, and also in refusing instructions 4, 5, 7, and 14, regarding supervening and intervening causes?

6

Again, it is within the District Court's discretion to decide how to instruct the jury, and we will not overturn the District Court except for abuse of discretion. Contreras, 892 P.2d at 558. When examining whether jury instructions were properly given or refused, we must consider the jury instructions in their entirety and in connection with the other instructions given and the evidence introduced at trial. Feller v. Fox (1989), 237 Mont. 150, 156, 772 P.2d 842, 846.

Looking first at Heisler's proposed instruction No. 3, which read as follows:

> If you find from the evidence that the dispute between the Plaintiff, Raymond Lombardo and Robert Mattern arose out of an illegal transaction between them involving drugs, then you are instructed to return a verdict for the Defendant Tom Heisler. The reason for this is that no one can take advantage of his own wrong.

At trial, Heisler introduced evidence suggesting the fight between the two patrons was a dispute over a drug deal. Therefore, Heisler argues, if the two were fighting over an illegal drug transaction the "clean hands" doctrine or the in pari delicto doctrine bars Lombardo's recovery and the jury should have been instructed accordingly.

The "clean hands" doctrine and in pari delicto are both equitable remedies. Both doctrines operate on the theory that there is no recourse between wrongdoers. See Lencioni v. Long (1961), 139 Mont. 135, 361 P.2d 455; Waller v. Engelke (1987), 227 Mont. 470, 741 P.2d 385; Patten v. Raddatz (1995), 271 Mont. 276, 895 P.2d 633. In pari delicto is a term denoting the "status of

7

both parties to an illegal agreement or transaction where they are equally at fault." Ballentine's Law Dictionary 631 3rd Ed. (1969).

But, we need not consider either doctrine. Lombardo is not seeking recovery against Mattern, he is seeking recovery against Heisler for Heisler's negligence. Lombardo and Mattern both deny the fight was over a drug deal, and no evidence was introduced that the two, who had several verbal exchanges over the course of the evening, ever mentioned drugs. A District Court should only instruct on the theories and issues which are supported by the evidence presented at trial. State v. Popescu (1989), 237 Mont. 493, 495, 774 P.2d 395, 396.

Upon reviewing the instructions as a whole, even if the jury chose to believe Heisler's contention that the dispute was over an illegal drug transaction, Lombardo is at most contributorily negligent and the jury was appropriately instructed on this issue. We conclude that the defense theory was sufficiently accommodated by the court's instructions. Therefore we affirm the District Court's denial of defense instruction No. 3.

In Heisler's last argument, he contends the District Court erred in refusing Heisler's proposed instructions Nos. 4, 5, 7, and 14. Heisler alleges he did not owe a duty to Lombardo if Mattern's conduct could be considered an independent and intervening act.

The District Court in this case gave its own instructions on independent and intervening causes, which read as follows:

8

NO. 16: Only if the intervening cause is reasonably unforeseeable will it be considered a superseding event that breaks the chain of causation.

No. 17: A defendant's liability for his wrongful acts will not be severed by an intervening cause if the intervening cause is one that the defendant might reasonably foresee as probable or one that the defendant might reasonably anticipate under the circumstances.

No. 18: A superseding, intervening event is an unforeseeable event that occurs after the defendant's original act of negligence.

Heisler argues the instructions where "abstract" and did not provide the proper guidance for the jury.

"If the jury can readily relate the concept of the instruction to the facts and there is no prejudicial effect created by the instruction, the use of such an instruction is not reversible error." State v. Reiner (1978), 179 Mont. 239, 246, 567 P.2d 950, 955. Again, we conclude the instructions given state the appropriate law, and we therefore affirm the District Court's denial of Heisler's instructions Nos. 4, 5, 7, and 14.

Affirmed.

_____
                                    Justice

We Concur:

_____

_____
        Justices

Justice Karla M. Gray, specially concurring.

I concur in the Court's opinion on issues one and three and, therefore, specially concur in the result the Court reaches. I do so notwithstanding my disagreement with the Court's resolution of issue two, regarding the "premises safety" instruction, because the jury's verdict on the negligence claim against Heisler is properly affirmed via issues one and three.

Justice

10