No. 82-312

IN THE SUPREME COURT OF THE STATE OF MONTANA

1983

SHARON M. MOHR,

      Relator,

  -vs-

THE DISTRICT COURT OF THE FOURTH
JUDICIAL DISTRICT OF THE STATE OF
MONTANA, IN AND FOR THE COUNTY OF
MISSOULA, et al.,

      Respondents.

ORIGINAL PROCEEDING:

Counsel of Record:

    For Relator:

        Randall O. Skorheim; Hartelius & Associates,
        Great Falls, Montana

    For Respondents:

        Candace Fletcher; Garlington, Lohn & Robinson,
        Missoula, Montana

Submitted on Briefs: September 27, 1982

Decided: February 10, 1983

Filed: **FEB 1 0 1983**

*Ethel M. Harrison*

—————————————————————
               Clerk

Mr. Justice Daniel J. Shea delivered the Opinion of the Court.

This Court accepted jurisdiction of relator's application for a writ of supervisory control directed to the Missoula County District Court. The relator, as a plaintiff in a personal injury action, had moved the trial court for a protective order to the effect that in granting the defendant's motion under Rule 35, M.R.Civ.P., the trial court should permit plaintiff's counsel to be present in the examining room. The trial court denied the motion and the plaintiff filed a petition in this Court asking for a writ of supervisory control.

We hold that the party's attorney has a right to be present while the examining physician is taking the client's history, but that the attorney cannot be present during the physical examination.

During the discovery phase of Sharon Mohr's (plaintiff) personal injury suit against Ronald W. Wacksmuth (defendant), the defense counsel filed a motion under Rule 35, M.R.Civ.P. to obtain an order compelling a neurological examination of the plaintiff. Plaintiff responded by asking the trial court under Rule 26, M.R.Civ.P., for a protective order allowing plaintiff's counsel to either be present during the examination, or if the motion for a protective order was denied, an order requiring the examination to be videotaped.

At a law and motion hearing, the trial court granted defendant's motion for examination and denied both plaintiff's motion for a protective order and the alternative request to have the examination videotaped. The court proceedings were not recorded. The court entered only a verbal order of denial and gave no explanation for its rulings. No written order or explanation was later entered.

2

Courts have recognized the possibility that whenever a doctor is selected by one party to conduct a physical examination of another party, the doctor may ask improper questions. A lay person should not, without the assistance of counsel, be expected to evaluate the propriety of every question. Therefore, the rule developed which permits a party undergoing a court-ordered examination to have the protection and assistance of counsel at this examination. Sharff v. Superior Court (1955), 44 Cal.2d 508, 282 P.2d 896; Williams v. Chattanooga Iron Works (1915), 141 Tenn. 683, 176 S.W. 1031. In fact, the common law rule permits a party to have his attorney present at any court-ordered physical examination. See 64 A.L.R.2d 497, 501, § 5. This rule is designed to insure that a party can protect his rights to refrain from making any statements or admissions that may be adverse to his position. See generally, 64 A.L.R.2d 497.

However, the common law rule has not always been adhered to in several jurisdictions which have adopted the federal rules of civil procedure. See cases cited in 64 A.L.R.2d 497, at 503, § 6. In interpreting Rule 35, several courts have held that inherent in rules similar to our Rule 35 (our Rule 35 is the same as the federal Rule 35 as it relates to an order for physical examination) is the objective of making the medical examination a nonadversarial proceeding. Because the rule does not expressly permit the presence of counsel, it is reasoned that it is not a per se right. See, e.g. Bowing v. Delaware Rayon Co. (1937), 38 Del. 206, 208, 190 A. 567, 569.

A federal court decision, Dziwanoski v. Ocean Carriers Corp. (D. Md. 1960), 26 F.R.D. 595, in interpreting federal Rule 35, concluded that under the rules, a physician is an officer of the court and therefore an attorney's presence adds nothing to the examination. The court further concluded that the possibility of an

3

attorney's interference with an examination outweighs any benefits of allowing the attorney's presence. 26 F.R.D. at 597.

We believe, however, that most attorneys make every possible effort to cooperate with physicians in an effort to make any medical-legal contact as smooth and trouble-free as possible. Although we perceive potential for an attorney to abuse his presence at the physical examination, it does not extend to all parts of the medical procedure, specifically, the history taking part of the examination. We attempt to strike a balance between the rights of a litigant to counsel, and the need for efficiency in the court-ordered examination process, giving due consideration to the needs of the medical examiner.

A workable interpretation of Rule 35 is to allow the attorney's presence, as a matter of right, during the history taking part of the examination, but to exclude the attorney from the examining room while the physician is actually conducting the examination. The examined party therefore has the advice and benefit of counsel while the physician is taking the medical history of the patient or gathering facts as to how the party was injured. On the other hand, the attorney is excluded from the actual physical examination. The actual physical examination, at least in most cases, does not require the presence of counsel to safeguard its objectivity because, by nature it is a nonadversarial procedure.

Although abuses may still occur under court-ordered physical examinations under Rule 35, a trial court has the ability to remedy most potential abuses. For example, a trial court has the power to, and should exclude from evidence, any statements which a physician elicits from a party during the examination when the attorney is not present. See Dziwanoski v. Ocean Carriers Corp., supra, 26 F.R.D. at 598. And, if an attorney becomes disruptive during the history taking part of an examination, the trial court may take steps under

4

Rule 37, M.R.Civ.P., including sanctions, for failure to cooperate in the discovery process.

The order of the District Court is vacated and the court is instead directed to enter an order for medical examination in accordance with this opinion.

_____
Justice

We Concur:

_____

_____

_____

_____

_____
Justices

Mr. Chief Justice Frank I. Haswell, dissenting:

I dissent. I would not permit a physician's examining room to be transformed into a legal battleground between opposing attorneys where a reasonable alternative is available.

Rule 35, M.R.Civ.P., permits a defendant in a personal injury action to secure a mental or physical examination of the plaintiff by a physician upon good cause shown. The Rule also provides that a detailed written report of the examination shall be furnished to the plaintiff. Rule 35(b)(1). The court may prohibit admission in evidence of any portion of the medical record not relevant to the lawsuit. Rule 35(b)(2). Thus, if improper or irrelevant questions are asked or answers elicited, the court may deny their admission into evidence. In my view, such procedure is adequate to protect the plaintiff and preferable to the course chosen by the majority.

The following quotation from a case decided under Federal Rule 35 (the same as Montana's Rule 35 in pertinent part) represents my view:

> ". . . The object of a medical examination is to obtain medical data and information as to the plaintiff's condition. For this purpose the lawyer has no competence, and would not be able to assist or to protect his client. The only validity in the plaintiff's position would seem to be that if the lawyer is present he would be able to advise his client not to answer questions from the doctor which might constitute admissions with respect to the facts on which legal rights are based.
>
> "The practical and reasonable solution to the question seems to the Court to be to exclude from evidence any statements made by the plaintiff to the doctor relating to non-medical matters. Such an exclusion would constitute a protection to the

> plaintiff against any admission which
> might affect his rights, and would allow
> the physician to make the physical
> examination in such manner as he deems
> proper." Dziwanoski v. Ocean Carriers
> Corporation (D.C. Md. 1960), 26 F.R.D.
> 595, 597-598, quoting from an unpublished
> opinion of the Supreme Bench of Baltimore
> City.

The majority today have established a rule which permits plaintiff's attorney to be present in the physician's examining room during the taking of plaintiff's medical history under all circumstances as a matter of right without any showing of special circumstances requiring the presence of plaintiff's attorney. In my view, such a broad holding finds no support in the language of Rule 35 and is directly contrary to the well-reasoned opinion in Dziwanoski v. Ocean Carriers Corporation, supra, and Simon v. Castille (La. 1965), 174 So.2d 660.

For these two reasons, I respectfully dissent.

_____
Chief Justice

I join in the foregoing dissent of Chief Justice Haswell.

_____
Justice

-7-