STATE OF MONTANA, EX REL.
GREG MAPES,
Plaintiff/Relator,
v.
THE DISTRICT COURT
OF THE EIGHTH JUDICIAL DISTRICT
OF THE STATE OF MONTANA,
IN AND FOR THE COUNTY OF CASCADE,
and THE HONORABLE THOMAS M.
McKITTRICK, District Judge,
Respondents.

No. 91-285.
Oct. 30, 1991.
48 St.Rep. 524.
250 Mont. 524 .
822 P.2d 91.

William A. Rossbach, John B. Whiston, Rossbach & Whiston, P.C., Missoula, Erik B. Thueson, Thueson Law Office, Helena, Donald R. Marble, Marble Law Office, Chester, for plaintiff/relator.

E. Scott Savage, David L. Arrington, VanCott, Bagley, Cornwall & McCarthy, Salt Lake City, Utah, Kurt W. Kroschel, Russell D. Yerger, Kurt W. Kroschel & Associates, Billings, Thomas M. McKittrick, Dist. Judge, Great Falls, for respondents.

## ORDER AND OPINION

JUSTICE TRIEWEILER delivered the Opinion of the Court.

The plaintiff, Greg Mapes, filed a complaint in the District Court of the Eighth Judicial District in Cascade County. He brought his claim against the defendant, Burlington Northern Railroad, pursuant to 45 U.S.C. § 51, et seq., to recover damages for physical injuries that he alleges he sustained during the course of his employment with the railroad. Following pretrial discovery of plaintiff's psychological therapy records by the defendant, he moved for a protective order prohibiting further disclosure of those records. That motion was denied. Defendant then moved the District Court for an order requiring plaintiff to submit to a psychiatric examination without the presence of his attorney or any recording device during any part of the examination. That motion was granted. Plaintiff has petitioned this court to intervene by accepting supervisory control over the District Court and reversing these two discovery orders. We accept supervisory control and remand to the District Court for further proceedings consistent with this opinion.

The issues are:

1. Is this an appropriate case for the exercise of supervisory control by the Supreme Court over the District Court?

2. Are records of psychological therapy received by the plaintiff since 1986 discoverable in this personal injury action commenced in 1989?

3. Is the plaintiff entitled to have an attorney present during any interview of the plaintiff conducted by a psychiatrist retained by the defendant?

## FACTUAL BACKGROUND

On June 14, 1989, plaintiff filed his complaint pursuant to 45

U.S.C. §§ 51, *et seq.*, known as the Federal Employers Liability Act. He sought damages for injuries sustained during the course of his employment with the defendant railroad.

In his complaint, plaintiff alleged that from 1974 to the present date he was employed by defendant as a welder and painter in defendant's car and diesel shops located in Havre, Montana. He alleged that while he was employed in that capacity he was exposed to toxic fumes, dust, and vapors, including hydrocarbons, lead, and asbestos, and that due to these exposures, he sustained physical injury to his lungs and his central nervous system. As a result of the injury to his central nervous system, plaintiff claims that he has a measurable cognitive deficit.

Plaintiff alleged that the defendant was negligent by providing inadequate training to its employees, and inadequate ventilation and respiratory equipment. He claims that his injuries are a result of defendant's negligence.

During the course of discovery, defendant took the deposition of the medical records custodian at the Havre Clinic. Pursuant to a subpoena duces tecum, that custodian produced records of court-ordered psychological therapy in which the plaintiff had been engaged since 1986 under the care of Lawrence Jarvis, Ph.D., a clinical psychologist. Plaintiff's attorneys objected to the production of these documents on the grounds that they were irrelevant to any issue in this case. However, they were produced and are currently in the possession of defendant's attorneys.

After production of plaintiff's psychological records, he filed a motion requesting that the District Court issue a protective order sealing the psychological records and prohibiting further public disclosure without prior court order. He pointed out that he was seeking damages in this case for only pulmonary and neurological injuries, as a result of his exposure to toxic chemicals, and was not seeking damages for any psychological injury. He further argued that the records were privileged and unrelated to the injuries for which he sought compensation. As previously pointed out, plaintiff's motion for a protective order was denied by the District Court.

On December 12, 1990, defendant moved for an order compelling plaintiff to submit to a psychiatric examination by Donald R. Harr, M.D., the director of the South-Central Montana Regional Medical Health Center in Billings, Montana. In its motion, defendant requested that no recording device be permitted during any part of the

psychiatric examination, and that the court compel plaintiff to attend the examination without the presence of his attorneys or any other third person.

Dr. Harr filed an affidavit in support of defendant's motion which indicated that his examination would include the administration of a number of tests, including the Plural Test, Minnesota Multi-Phasic Personality Inventory II, Bender-Gestalt, Rorschach Test, and TAT. In addition, it was the doctor's intention to conduct a one-on-one examination during which he would evaluate, not only plaintiff's responses but his behavior and reactions. He expressed concern that plaintiff's responses could be affected by the presence of any observer or recording or listening device.

In opposition to defendant's motion, plaintiff argued that there was not "good cause," as required by Rule 35, M.R.Civ.P., for a psychiatric examination because no psychiatric or psychological damages were being alleged by the plaintiff. Plaintiff pointed out that even though Edward Shubat, Ph.D., was listed as a witness by plaintiff, Dr. Shubat was an expert in neuropsychology and was being called for the purpose of testifying that through testing he had established that plaintiff had sustained organic brain injury due to toxic exposures at the work place. Plaintiff further argued that those cases relied upon by defendant in support of excluding plaintiff's attorney from the psychiatric examination were dissimilar to this case because they all dealt with claims involving insanity, competency, or psychotic problems. Here, plaintiff contended, he alleged only physical injury. However, the District Court granted defendant's motion and ordered that plaintiff submit to a psychiatric examination, including a one-on-one interview with Dr. Harr, outside the presence of plaintiff's attorney and without any recording device.

We address the issues in the order in which they have been raised.

## I.

Is this an appropriate case for the exercise of supervisory control by the Supreme Court over the District Court?

"Although interlocutory review of discovery orders is not favored, *State ex rel. Guar. Ins. v. District Court* (Mont. 1981), [191 Mont. 64,] 634 P.2d 648, 38 St.Rep. 1682, the writ will issue in an appropriate case. See, e.g., *State ex rel. Burlington Northern v. District Court*

(Mont. 1989), [239 Mont. 207], 779 P.2d 885 ... ."
*State ex rel. U.S.F.& G. v. District Court* (1989), 240 Mont. 5, 783 P.2d 911.

In *U.S.F.& G.*, we granted supervisory control where the district court ordered production of communications which involved the attorney- client privilege. We did so because the discovery of those communications in the context of a bad faith case was an issue of first impression in Montana and because, once disclosed, the defendant's remedy by appeal was inadequate.

Rule 17(a), M.R.App.P., provides that:

"The supreme court is an appellate court but it is empowered by the constitution of Montana to hear and determine such original and remedial writs as may be necessary or proper to the complete exercise of its jurisdiction. The institution of such original proceedings in the supreme court is sometimes justified by circumstances of an emergency nature, as when a cause of action or a right has arisen under conditions making due consideration in the trial courts and due appeal to this court an inadequate remedy, or when supervision of a trial court other than by appeal is deemed necessary or proper."

We consider the circumstances in this case appropriate for the exercise of the Supreme Court's supervisory control. Defendant's right to discover plaintiff's mental or physical condition is based on fairness where that mental or physical condition is placed in issue by a claim for damages. However, defendant's need for that discovery must be balanced by plaintiff's constitutional right to privacy found in Mont. Const. Art. II, § 10. Defendant's needs must also be balanced against plaintiff's statutory right to confidential relations with his psychologist. Section 26-1-807, MCA, places plaintiff's relations with his psychologist "on the same basis as provided by law for those between an attorney and his client." Once confidential communications have been disclosed or publicized, the damage cannot be undone on appeal. Therefore, as in *U.S.F.& G.*, we conclude that issuance of the writ is necessary in this case.

II.

Are records of psychological therapy received by the plaintiff since 1986 discoverable in this personal injury action commenced in 1989?

Section 26-1-807, MCA, establishes the following privilege:

"Psychologist-client privilege. The confidential relations and communications between a psychologist and his client shall be placed on

the same basis as provided by law for those between an attorney and his client. Nothing in any act of the legislature shall be construed to require such privileged communications to be disclosed."

■ However, the confidentiality of communications between a patient and his psychologist can be waived like any other privilege. When a party claims damages for physical or mental injury, he or she places the extent of that physical or mental injury at issue and waives his or her statutory right to confidentiality to the extent that it is necessary for a defendant to discover whether plaintiff's current medical or physical condition is the result of some other cause. However, in balancing plaintiff's right to confidentiality against the defendant's right to defend itself in an informed manner, we conclude that the waiver is not unlimited. Defendant is entitled to discover prior physical or mental conditions which may relate to the damages being claimed in the current action, but is not entitled to unnecessarily invade plaintiff's privacy by exploring totally unrelated or irrelevant matters.

■ We, therefore, limit the extent to which defendant, in this case, may discover or use information or records gathered by Lawrence Jarvis, Ph.D., in the course of his psychologist and patient relationship with plaintiff.

Defendant may depose Dr. Jarvis for the purpose of determining whether in his opinion plaintiff suffers from any cognitive deficit caused by any factor, other than the conditions of his employment, as alleged in his complaint. If the District Court determines that plaintiff claims any emotional or psychological damage as a result of defendant's negligence, then defendant may also question Dr. Jarvis to determine whether in his opinion plaintiff suffers from any emotional or psychological problems resulting from any factor, other than the causes alleged in his complaint. If Dr. Jarvis answers in the affirmative to either of the preceding areas of inquiry, defendants may question Dr. Jarvis regarding the nature of those other causes and whether he is able to apportion the amount of plaintiff's damage attributable to each factor.

In the event that the purposes for which Dr. Jarvis has treated plaintiff are unrelated to any damage claimed in the present lawsuit, then the District Court should enter a protective order sealing plaintiff's psychological records from the Havre Clinic and prohibiting further public disclosure by defendant.

## III.

Is the plaintiff entitled to have an attorney present during any interview of the plaintiff conducted by a psychiatrist retained by the defendant?

■ This issue is controlled by *Mohr v. District Court* (1983), 202 Mont. 423, 660 P.2d 88. That case was also a personal injury action in which the defendant sought an examination of the plaintiff pursuant to Rule 35, M.R.Civ.P. The plaintiff's attorney in that case also requested an opportunity to be present during the examination and the trial court in that case also denied that motion. In that case, as in this case, we issued a writ of supervisory control. The only difference between that case and this case is that in *Mohr*, the defendant sought a physical examination, whereas, in this case, defendant has requested a psychiatric examination. However, the reason for which we granted supervisory control and concluded that plaintiff had a right to have his attorney present during at least the history-taking part of the examination, is also applicable in this case. We held that:

"Courts have recognized the possibility that whenever a doctor is selected by one party to conduct a physical examination of another party, the doctor may ask improper questions. A lay person should not, without the assistance of counsel, be expected to evaluate the propriety of every question. Therefore, the rule developed which permits a party undergoing a court-ordered examination to have the protection and assistance of counsel at this examination. *Sharff v. Superior Court* (1955), 44 Cal.2d 508, 282 P.2d 896; *Williams v. Chattanooga Iron Works* (1915), 131 Tenn. 683, 176 S.W. 1031. In fact, the common law rule permits a party to have his attorney present at any court-ordered physical examination. See 64 A.L.R.2d 497, 501, § 5. This rule is designed to insure that a party can protect his rights to refrain from making any statements or admissions that may be adverse to his position." See generally, 64 A.L.R.2d § 497.
*Mohr*, 660 P.2d at 88-89.

In response to concern about potential abuses from the attendance by an attorney at the history taking part of a physical examination, we stated that:

"And, if an attorney becomes disruptive during the history taking part of an examination, the trial court may take steps under Rule 37,

M.R.Civ.P., including sanctions, for failure to cooperate in the discovery process."
*Mohr*, 660 P.2d at 89.

The interest which this Court sought to protect by permitting plaintiff's attorney to attend the history taking part of a physical examination is identical to the interest of a plaintiff in having an attorney present at the interview portion of a psychiatric examination. A psychiatric examination is particularly invasive of an individual's right to privacy. It is an extraordinary form of discovery which is permitted under Rule 35 only when the plaintiff's mental condition is in controversy, and then only when good cause has been shown. The risk of improper questions and the need to protect a party's rights are as great or greater under these circumstances as in a medical examination. While it is understandable that the psychiatrist retained by defendant would prefer to examine a totally uninhibited plaintiff, the psychiatric examination should not provide a possible opportunity, either intentional or unintentional, to elicit statements or admissions against interest that defendant's attorney would be prohibited from eliciting during a deposition. The only way to assure that this does not occur is to allow the presence of plaintiff's attorney.

For these reasons, the order of the District Court requiring plaintiff to submit to a psychiatric examination without the presence of his attorney is vacated, and the court is instead directed to enter an order in accordance with this opinion. Recording devices, however, will not be permitted unless specifically requested by defendant or Dr. Harr.

The clerk shall mail a copy of this order and opinion to the Clerk of the Eighth Judicial District Court, Cascade County, The Honorable Thomas M. McKittrick, and to all counsel of record.

/s/ TERRY TRIEWEILER, Justice
/s/ J.A. TURNAGE, Chief Justice
/s/ JOHN CONWAY HARRISON, Justice
/s/ WILLIAM E. HUNT SR., Justice
/s/ R.C. McDONOUGH, Justice
/s/ KARLA M. GRAY, Justice
/s/ FRED J. WEBER, JUSTICE