*276 JUSTICE TRIEWEILER
dissenting.
¶19 I concur with the majority’s conclusion that this is an appropriate case for the exercise of supervisory control. I also concur with the Court’s conclusion that the District Court’s order lacked the specificity regarding the parameters for a psychiatric exam that is required by Rule 35, M.R.Civ.P.
¶20 I dissent from the majority’s conclusion that Rule 35, as interpreted by the United States Supreme Court, in Schlagenhauf v. Holder (1964), 379 U.S. 104, 85 S.Ct. 234, 13 L.Ed.2d 152, authorizes a mental examination in this case.
¶21 I agree with the interpretation and application of Schlagenhauf by the Supreme Court of Texas in Coates v. Whittington (Tex. 1988), 758 S.W.2d 749. In Coates, the plaintiff claimed damages for mental anguish she experienced as a result of physical injuries she alleged were caused by the defendant’s product. The trial court ordered that she undergo a mental examination pursuant to a Texas rule of civil procedure derived from the same federal Rule 35 which was interpreted by the United States Supreme Court in Schlagenhauf. However, the Texas Supreme Court concluded after considering Schlagenhauf that the trial court abused its discretion by ordering Coates to submit to a mental examination. The Texas court gave the following explanation for its decision:
Drackett maintains that Coates’ mental condition is in controversy because she has pleaded for mental anguish damages. In support of its position, Drackett relies on Schlagenhauf, 379 U.S. at 119, 85 S.Ct. at 243, where the United States Supreme Court stated:
A plaintiff in a negligence action who asserts mental or physical injury ... places that mental or physical injury in controversy and provides the defendant with good cause for an examination to determine the existence and extent of such asserted injury.
In Schlagenhauf, however, the court also warned that sweeping examinations of a party who has not affirmatively put his mental condition in issue may not be routinely ordered simply because the party brings a personal injury action and general negligence is alleged. Id. at 121, 85 S.Ct. at 244. Further, federal courts that have applied Rule 35 in light of Schlagenhauf have consistently distinguished “mental injury” that warrants a psychiatric evaluation from emotional distress that accompanies personal injury. Compare Anson v. Fickel, 110 F.R.D. 184, 186 *277 (N.D.Ind. 1986) (mental condition is in controversy when plaintiff claims mental problems that required confinement in a psychiatric hospital) and Lowe v. Philadelphia Newspapers, Inc., 101 F.R.D. 296, 298-99 (E.D.Pa. 1983) (mental condition is in controversy when plaintiff claims severe emotional distress and seeks to prove damages through testimony of psychiatrist) with Cody v. Marriott Corp., 103 F.R.D. 421, 423 (D.Mass. 1984) (mental condition is not in controversy when plaintiff claims emotional distress and does not claim a psychiatric disorder requiring psychiatric or psychological counseling).
In her suit against Drackett, Mrs. Coates asserts that she has suffered the type of emotional distress that typically accompanies a severe second degree burn and permanent scarring. In her deposition, she described her mental anguish as feelings of embarrassment and self-consciousness because the scar is ugly and noticeable in public. She is not alleging a permanent mental injury nor any deep seated emotional disturbance or psychiatric problem. Mrs. Coates’ mental anguish claim is, therefore, for the emotional pain, torment, and suffering that a plaintiff who has been burned and scarred would experience in all reasonable probability. Compare Moore v. Lillebo, 722 S.W.2d 683, 688 (Tex. 1986). Further, the record reflects that Mrs. Coates has not sought any type of psychiatric treatment as a result of the incident and, equally important, does not propose to offer psychiatric or psychological testimony to prove her mental anguish at trial.
To permit Drackett to compel a mental examination because Mrs. Coates has claimed mental anguish damages would open the door to involuntary mental examinations in virtually every personal injury suit. Rule 167a was not intended to authorize sweeping probes into a plaintiff’s psychological past simply because the plaintiff has been injured and seeks damages for mental anguish as a result of the injury. Plaintiffs should not be subjected to public revelations of the most personal aspects of their private lives just because they seek compensation for mental anguish associated with an injury.
Coates, 758 S.W.2d at 751-52.
¶22 In Schlagenhauf, the Supreme Court concluded that where a person alleges “mental injury,” that person’s mental condition is in controversy and Rule 35 is applicable. Schlagenhauf, 379 U.S. at 119, 85 S.Ct. 234. However, there is no mental injury alleged in this case. *278 “Injury” infers a diagnosis which requires expert opinion and treatment. Plaintiff intends to call no expert witness for purposes of providing a diagnosis and has received no treatment for his mental distress. As in Coates, Winslow alleges mental distress that typically accompanies loss of a job and the inability to find comparable employment. When asked to explain his emotional distress claim, he testified that he is irritable and upset because of lost income, loss of insurance coverage, the inability to make house payments and his inability to find other employment. It doesn’t take an expert to evaluate his claim for damages based on these experiences. The reasonableness of his claim is well within the comprehension of the average juror.
¶23 The common sense approach taken by the Texas Supreme Court is especially preferable to the majority’s opinion in light of the strict constitutional right to privacy found in the Montana Constitution at Article II, Section 10, and our observation in State ex rel. Mapes v. District Court (1991), 250 Mont. 524, 532, 822 P.2d 91, 96, that the “psychiatric examination is particularly invasive of an individual’s right to privacy. It is an extraordinary form of discovery which is permitted under Rule 35 only when the plaintiffs mental condition is in controversy, and then only when good cause has been shown.” (Emphasis added.)
¶24 I would conclude that where damages for mental distress are claimed without an allegation of “mental injury,” good cause has not been established for the invasive process of a psychiatric examination. ¶25 The majority infers there is a difference between ordinary claims of mental distress and direct actions for damages based on mental distress when “serious” mental distress must be proven. However, that distinction is irrelevant pursuant to Schlagenhauf and its progeny as pointed out by the Texas Supreme Court. The issue is whether mental injury has been alleged, not whether the mental distress claimed is minor or serious.
¶26 The reasoning in the majority opinion opens a Pandora’s Box for the invasion of individual privacy in the average personal injury case. For example, where mental distress is alleged as a result of physical injury and because of the severity of the physical injury the mental distress will also necessarily be severe, does the majority opinion mean that psychiatric examinations of the plaintiff are now authorized even though no independent claim for intentional or negligent infliction of emotional distress has been alleged? I don’t think that’s the majority’s intention but it would be hard to argue with that application of its *279 decision. If that is in fact how its decision is to be applied, the potential for harassment of injured victims who seek compensation for injuries caused by the negligence of others is only limited by the defendant’s litigation budget.
¶27 The majority opinion is a bad result not warranted by any reasonable interpretation of the “good cause” requirement found at Rule 35, M.R.Civ.P. For these reasons, I dissent from the majority’s conclusion that based on the facts in this case the District Court did not abuse its discretion when it authorized a mental examination of the petitioner, Gary Winslow.
JUSTICE COTTER joins in the foregoing dissent.