OP 12-0401

IN THE SUPREME COURT OF THE STATE OF MONTANA

2012 MT 200

_____

| | |
|---|---|
| CARYN L. LEWIS, f/k/a CARYN L. LENZ, | ) |
| | ) |
| Petitioner, | ) |
| | ) OPINION |
| v. | ) and |
| | ) ORDER |
| MONTANA EIGHTH JUDICIAL DISTRICT COURT, | ) |
| CASCADE COUNTY, THE HONORABLE JULIE | ) |
| MACEK, Presiding Judge, | ) |
| | ) |
| Respondents. | ) |

_____

¶1     Petitioner Caryn Lewis has asked us to exercise our power to issue a writ of supervisory control over the Eighth Judicial District Court in Cascade County Cause No. ADV 10-895. Lewis is the plaintiff in that action. At our invitation, the defendants in the District Court, State Farm Mutual Automobile Insurance Company and State Farm Fire and Casualty Company (hereinafter, State Farm), have filed a response objecting to Lewis's petition for writ of supervisory control. The matter has now been fully briefed and is ready for disposition.

BACKGROUND

¶2     The District Court action arises from a 2003 motor vehicle/pedestrian accident in which Lewis was the pedestrian. The vehicle that struck Lewis left the scene, and neither the vehicle nor the driver was ever located. Lewis's complaint states she has suffered serious bodily injuries from the accident, and her medical reports show that those injuries include a

pancreatic pseudo-cyst and facet and musculoligamentous injury on the right side of her spine. In addition, Lewis has developed a chronic pain syndrome. She seeks payment from her insurer, State Farm, under her uninsured motorist coverage, for her past and future medical expenses and for physical and emotional pain, suffering, and anxiety associated with the physical injuries she sustained in the accident.

¶3 Lewis maintains that the motor vehicle/pedestrian accident is solely responsible for her current and continuing issues with pain. However, a physician who examined Lewis on behalf of State Farm questioned whether her chronic pain may be caused or exacerbated by her preexisting mental health issues. On that basis, State Farm moved for an order requiring Lewis to submit to an independent psychological examination pursuant to M. R. Civ. P. 35. Lewis opposed the motion on grounds that she is not asserting an independent tort claim for negligent infliction of emotional distress and has not placed her mental condition in controversy. On June 14, 2012, the District Court granted State Farm's motion, ordering Lewis to submit to an independent psychological examination. Lewis asks us to exercise our power of supervisory control to vacate the District Court's June 14, 2012, order.

DISCUSSION

¶4 Supervisory control is an extraordinary remedy that is sometimes justified when (1) urgency or emergency factors make the normal appeal process inadequate, (2) the case involves purely legal questions, and (3) in a civil case, the district court is proceeding under a mistake of law causing a gross injustice or constitutional issues of state-wide importance are involved. M. R. App. P. 14(3). Petitions for supervisory control are considered on a case-

2

by-case basis, taking into consideration the presence of extraordinary circumstances and the particular need to prevent injustice. *Park v. Sixth Jud. Dist. Ct.*, 1998 MT 164, ¶ 13, 289 Mont. 367, 961 P.2d 1267. Although interlocutory review of discovery orders like the one at issue here is not favored, we will exercise supervisory control over discovery matters in appropriate cases. *See State ex rel. U.S. Fidelity and Guar. Co. v. Montana Second Jud. Dist. Ct.*, 240 Mont. 5, 8-9, 783 P.2d 911, 913 (1990).

¶5     In this case, for the reasons set forth below, we conclude all three prerequisites for supervisory control have been established and that Lewis is entitled to the relief she has requested. Appeal of the final judgment could not undo the damage to Lewis's privacy right caused by an unwarranted M. R. Civ. P. 35 psychological examination. The issue of whether a Rule 35 psychological examination may be ordered under the circumstances presented here amounts to a question of law. And, as discussed more fully below, we conclude the District Court's order constitutes a mistake of law causing a gross injustice.

¶6     A defendant's need for discovery of a plaintiff's mental or physical condition under M. R. Civ. P. 35 must be balanced against the plaintiff's constitutional right to privacy under Montana Constitution Article II, Section 10. *State ex rel. Mapes v. District Ct. of the Eighth Jud. Dist.*, 250 Mont. 524, 529, 822 P.2d 91, 94 (1991). Under Rule 35, a court may compel a party to submit to an independent physical or mental examination "on motion for good cause" if the party's mental or physical condition is "in controversy." Constitutionally-based privacy concerns require that Rule 35 examinations be ordered only when the party to be examined has put his or her physical or mental condition at issue, and when there is good

3

cause for the examination. *Simms v. Eighteenth Jud. Dist. Ct.*, 2003 MT 89, ¶ 31, 315 Mont. 135, 68 P.3d 678.

¶7 We have expressly approved and applied a high standard for the "in controversy" and "good cause" requirements of Rule 35. In *In re Marriage of Binsfield*, 269 Mont. 336, 888 P.2d 889 (1995), we applied the United States Supreme Court's interpretation of the same phrases in the parallel federal rule, Fed. R. Civ. P. 35: that the "in controversy" and "good cause" requirements of Rule 35 " 'require an affirmative showing by the movant that each condition as to which examination is sought is really and genuinely in controversy and that good cause exists for ordering each particular examination. . . .' " *Binsfield*, 269 Mont. at 341, 888 P.2d at 891-92 (quoting *Schlagenhauf v. Holder*, 379 U.S. 104, 118, 85 S. Ct. 234, 242-43 (1964)).

¶8 We have never ruled that a plaintiff's claim for general emotional distress damages is, in and of itself, a sufficient basis for ordering a Rule 35 mental examination. In applying Fed. R. Civ. P. 35, "[m]ost cases in which courts have ordered mental examinations pursuant to Rule 35(a) involve something more than just a claim of emotional distress." *Turner v. Imperial Stores*, 161 F.R.D. 89, 93 (S.D. Ca. 1995). The majority of federal courts "recognize that a mental exam is warranted when one or more of the following factors are present: (1) a tort claim is asserted for intentional or negligent infliction of emotional distress; (2) an allegation of a specific mental or psychiatric injury or disorder is made; (3) a claim of unusually severe emotional distress is made; (4) plaintiff intends to offer expert testimony in support of [a] claim for emotional distress damages; and/or (5) plaintiff

4

concedes that her mental condition is in controversy within the meaning of Rule 35." *Stevenson v. Stanley Bostitch, Inc.*, 201 F.R.D. 551, 554 (N.D. Ga. 2001).

¶9 As demonstrated by the documents filed with this Court, Caryn Lewis has not claimed damages for any mental or psychological disorder or injury due to the motor vehicle/pedestrian accident that is the subject of Cascade County Cause No. ADV 10-895. She has neither claimed that a pre-existing mental condition was exacerbated by the accident nor asserted an independent tort claim for negligent infliction of emotional distress. Rather, she has made only a general claim for "emotional pain, suffering and anxiety" associated with her physical injuries from the motor vehicle/pedestrian accident in which she was involved.

CONCLUSION

¶10 We conclude the matter over which Lewis seeks our supervisory control involves a legal issue as to which the District Court has made a mistake of law. Caryn Lewis has neither put her mental condition in controversy nor conceded that her mental condition is in controversy within the meaning of Rule 35. Because Lewis has not put her mental condition in controversy, the District Court erred in granting State Farm's motion for an independent psychological examination of her under M. R. Civ. P. 35. And, because Lewis's loss of privacy in submitting to a Rule 35 psychological examination would be irretrievable, the normal appeal process would be inadequate to address the District Court's error. We further conclude the District Court's mistake of law in compelling Lewis to submit to an intrusive, unjustified psychological examination would cause a gross injustice.

5

¶11    IT IS ORDERED that the petition for a writ of supervisory control is GRANTED.

¶12    IT IS FURTHER ORDERED that the District Court's June 14, 2012, order requiring Lewis to submit to an independent psychological examination pursuant to M. R. Civ. P. 35 is VACATED.

¶13    The Clerk of this Court is directed to provide copies of this Order to counsel for Petitioner, counsel for the defendants in Cascade County Cause No. ADV 10-895, and the Honorable Julie Macek, presiding District Judge.

DATED this 11th day of September, 2012.

/S/ MICHAEL E WHEAT

We concur:

/S/ MIKE McGRATH
/S/ PATRICIA COTTER
/S/ BRIAN MORRIS


Justice James Rice dissents.

¶14    A district court's order regarding a requested independent examination is reviewed for abuse of discretion. *Pumphrey v. Empire Lath & Plaster*, 2006 MT 99, ¶ 16, 332 MT 116, 135 P.3d 797; *Henricksen v. State*, 2004 MT 20, ¶ 51, 319 Mont. 307, 84 P.3d 38; *Simms v. Mont. Eighteenth Jud. Dist. Ct.*, 2003 MT 89, ¶¶ 23, 43, 315 Mont. 135, 68 P.3d 678.  I do not believe the District Court abused its discretion or is proceeding under a mistake of law.

¶15    In my view, this case involves more than a generic claim for emotional distress for the "unpleasant mental reaction" associated with experiencing a physical injury, as described by

6

Lewis's briefing. Lewis claims she suffers from chronic physical pain as a result of the accident. However, one of her listed experts, Brian E. Higgins, D.O., wrote in his report of April 12, 2012, that "I do believe that part of Ms. Lewis's pain is being driven by her depression and her home and personal situations. She needs to followup [sic] with Dr. Stergiou for this." Dr. Angeline Stergiou is a psychiatrist who treats Lewis. Similarly, Dr. Henry H. Gary, who performed an IME of Lewis at State Farm's request, found:

> Aggravation of previous situational depressive state that is ongoing. The depression associated with this injury may have resulted in a chronic pain syndrome that is more psychologically aggravated than structurally aggravated. She may have a somatoform pain disorder secondary to the trauma and depression. I would defer that to psychiatric evaluation, however.

¶16 As the District Court noted, Lewis is claiming the "accident itself is solely responsible for her current and continuing issues with pain." The above-cited medical reports indicate, however, that Lewis's chronic pain complaints are related to her mental condition. Indeed, these experts, on both sides of the litigation, have offered the opinion that further psychological evaluation of Lewis is necessary to determine the causation of her chronic pain. Thus, the issue here is not merely a general claim for emotional damages arising from an accident, but whether Lewis's claimed *physical* problems are caused by the accident or by psychological causes. Unlike a generic issue of mental distress arising from an accident, this issue is beyond the common knowledge of lay jurors and requires expert testimony.

¶17 The above-referenced medical reports also indicate the possibility that Lewis's complaints of chronic pain are caused *in part* by her preexisting mental health conditions. This raises the potential for an apportionment issue, and we have held that a defendant, to

7

seek apportionment of damages, must first "prove, by a reasonable medical probability, that the injury is divisible." *Clark v. Bell*, 2009 MT 390, ¶ 23, 353 Mont. 331, 220 P.3d 650 (citing *Truman v. Mont. Eleventh Jud. Dist. Ct.*, 2003 MT 91, ¶ 32, 315 Mont. 165, 68 P.3d 654). Without the opportunity to conduct further psychological evaluation, State Farm may well be hamstrung in securing the expert testimony necessary to meet its burden of proving that Lewis's injuries were divisible and subject to apportionment.

¶18 I believe this case is clearly distinguishable from the invasive and logistically complicated examination which was ordered in *Simms*, and which we reversed. There, Simms had been ordered "to attend an extensive medical examination by the Defendants' expert 750 miles from home." *Simms*, ¶ 20. We described the procedure as involving "invasive techniques including the penetration of Simms' skin with surgical or diagnostic instruments" which were "potentially harmful." *Simms*, ¶¶ 20-21. We concluded that, when "the invasive, painful and burdensome nature of the requested examination and its distant location are considered in the context of Simms' fundamental rights," the District Court had abused its discretion. *Simms*, ¶ 43.

¶19 Lewis offers nothing about any specific harm that could arise from the evaluation, expressing only a general concern about the need to protect her "fundamental privacy rights." However, this concern must be balanced against her claim that the totality of her physical problems are caused by the accident, when experts on both sides agree that there is a psychological component to her chronic pain and that further evaluation should be conducted to determine the extent of such psychological cause.

¶20    I believe the District Court acted within its discretion by determining that Lewis's mental condition has been placed "in controversy" and that "good cause" has been established for the requested examination.  *Simms*, ¶ 30.  I would deny the petition.


/S/ JIM RICE